ANELLO, APPELLANT, *v.* HUFZIGER, APPELLEE.

(No. C-870584—Decided
May 4, 1988.)

*Gates T. Richards*, for appellant.
*Rendigs, Fry, Kiely & Dennis* and
*John Hust*, for appellee.

*Per Curiam.* The question raised by plaintiff-appellant E. M. Anello's assignment of error (that the trial court "improperly" granted defendant's motion for summary judgment) is whether to give retroactive effect to the decision in *Evans* v. *Chapman* (1986), 28 Ohio St. 3d 132, 28 OBR 228, 502 N.E. 2d 1012. In that case, the Supreme Court held that the provision of R.C. 2305.11(A), "which creates a mechanism for extending the statute of limitations by one hundred eighty days, applies only to malpractice claims against physicians, podiatrists, or hospitals, not to malpractice claims against dentists." The court said that this provision is not a denial of the equal protection of the law. *Id.* at paragraphs one and two of the syllabus. We hold in the instant case that the decision has retroactive effect.

The sparse record on appeal discloses that plaintiff went to defendant-appellee, Dr. Dale Hufziger, on November 5, 1981, for consultation about rebuilding her upper bridges and alleviating her bite malocclusion. His recommendations and treatment, according to plaintiff, were not successful. Her last appointment with defendant was on December 11, 1982, and on January 15, 1983, she formally requested that a complete review be made by the Local Peer Review Committee. On November 1, 1983, plaintiff's attorney mailed the defendant a "written notice" (certified mail letter) which the defendant received on November 2, 1983, advising him that plaintiff was considering an action against him relating to the professional services he had rendered to plaintiff.

Plaintiff's complaint was filed on April 27, 1984, within one hundred eighty days after written notice of the claim was given, but more than one year after defendant's services were terminated (if not on December 11, 1982, then certainly on January 15, 1983). If the provision for the one-hundred-eighty-day letter applies to dental claims, plaintiff filed her complaint within the statute of limitations. The trial court held to the contrary, and we agree with that decision.

While dental malpractice claims were, prior to 1982, governed by the two-year statute of limitations (R.C. 2305.10), R.C. 2305.11 was amended effective March 15, 1982 (see 139 Ohio Laws, Part I, 2153, 2153-2154) to bring dental claims under the one-year malpractice statute of limitations. The pertinent parts of R.C. 2305.11 as thus amended are:

"(A) An action for * * * malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist * * * shall be brought within one year after the cause thereof accrued * * *.

"If a written notice, prior to the expiration of time contained in this

division, is given to any person in a *medical claim* that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.

"* * *

"(D) As used in this section:

"* * *

"(2) 'Physician' means all persons who are licensed to practice medicine and surgery or osteopathic medicine and surgery by the state medical board.

"(3) *'Medical claim'* means any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care or treatment of any person.

"* * *

"(5) 'Dentist' means all persons licensed to practice dentistry by the state dental board.

"(6) *'Dental claim'* means any claim asserted in any civil action against a dentist arising out of a dental operation or the dental diagnosis, care, or treatment of any person."[1] (Emphasis added.)

These provisions were in effect at the time plaintiff terminated defendant's services, and no question is raised in this appeal about any unconstitutional application of the statute to plaintiff's case by unreasonably reducing the period within which she had to commence her lawsuit.

From April 27, 1984, the day on which the instant action was commenced, until December 24, 1986, the day the Supreme Court announced its decision in *Evans,* there was a conflict among Ohio lower courts about whether the one-hundred-eighty-day extension applied to dental claims. For instance, the Sixth District Court of Appeals held in *Smith* v. *McLaughlin* (Aug. 24, 1984), Lucas App. No. L-84-107, unreported, that the extension did not apply to dental claims, whereas this First District Court of Appeals held in *Edwards* v. *Ball* (Oct. 15, 1986), Hamilton App. No. C-850872, unreported, that equal-protection principles required that the extension apply to dental claims. We need not cite other cases to illustrate the conflict. It was a decision of the Ninth District Court of Appeals denying the extension that the Supreme Court affirmed in *Evans.*

The general rule is that a decision of the Supreme Court interpreting a statute is retrospective in its operation, because it is a declaration of what is and always was the correct meaning or effect of the enactment. See *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209, 57 O.O. 411, 129 N.E. 2d 467. There are exceptions to the general rule, as illustrated by *Chevron Oil Co.* v. *Huson* (1971), 404 U.S. 97. A high court decision will not be applied retroactively if the decision meets three "separate factors." *Id.* at 106-107. As applicable to the instant case, these three factors may be expressed in question form:

(1) Is the decision one of first impression that was not clearly foreshadowed?

(2) Will retrospective application retard the operation of the statute, considering its prior history, purpose and effect?

(3) Will the retrospective application produce substantial inequitable results ("injustice or hardship")?

We hold that the answers to all three questions must be negative and that *Evans* shall be applied retroactively.

---

[1] Cf. R.C. 2305.11(B) as amended effective October 20, 1987.

The limitation of the one-hundred-eighty-day extension to medical claims was clearly "foreshadowed." The leading principle in construing statutes is that the language chosen by the legislature is critical to determining its meaning, and former R.C. 2305.11(A) could not be more clear in its separation of medical claims from dental claims. Whether the statute violated the federal and Ohio constitutional provisions for equal protection is not as clear, because each case involving equal protection must stand on its own depending on the facts and circumstances as viewed from one of several standards of review (reasonableness of the selective application in most circumstances, but close scrutiny in the case of a fundamental right). *Evans* held that "there is no fundamental right to an additional one hundred eighty days in which [to begin] to bring suit." *Id.* at 134, 28 OBR at 230, 502 N.E. 2d at 1015. We also note that the Tenth District Court of Appeals held in *Morley* v. *E. B. Jones, D.D.S., Inc.* (1985), 24 Ohio App. 3d 112, 24 OBR 182, 493 N.E. 2d 312, paragraph two of the syllabus, that the denial of the extension possibility to dental claims does not violate the Equal Protection Clause of either Constitution. We are not persuaded that *Edwards, supra,* established a principle of law the reversal of which could not reasonably have been foreseen. There is in this case no "long line" of decisions in the *Edwards* pattern. We hold that the decision in *Evans* was readily "foreshadowed."

The denial of the one-hundred-eighty-day extension to dental claims will not "retard" the operation and effect of the new limitations on dental claims. Claims against dentists have historically received different treatment from malpractice claims, because the latter were restricted under common law to claims against physicians and lawyers. The 1982 amendment brought dental claims under the one-year statute of limitations, removing them from the longer period that had previously been in force. We cannot believe that failure to allow an extension of the one-year limitation is inimical to the history, purpose or effect of the 1982 amendment.

Finally, the retrospective application of *Evans* will not produce "substantial inequitable results." The United States Supreme Court found injustice and hardship in the retroactive application of its earlier decision about the statute of limitations that was questioned in *Chevron Oil Co., supra,* because retroactivity could have deprived that claimant of "any remedy whatsoever on the basis of [a] superseding legal doctrine that was quite unforeseeable." *Id.* at 108. The claimant in that case would have had no day in court under the circumstances if retroactivity applied. In the instant case, the claimant had a full year, ample time within which to commence her lawsuit.

The single assignment of error is without merit. The judgment below is affirmed.

*Judgment affirmed.*

BLACK, P.J., DOAN and KLUSMEIER, JJ., concur.