William R. SANDERS, Petitioner,

v.

Norris W. McMACKIN, Respondent.

No. 89CV–7278.

United States District Court,
N.D. Ohio, W.D.

Feb. 25, 1992.

As Amended March 30, 1992.

Marla L. Mitchell, Akron, Ohio, for petitioner.

Donald G. Keyser, Office of the Atty. Gen., Columbus, Ohio, for respondent.

DON J. YOUNG, Senior District Judge.

On May 1, 1989, William R. Sanders, *pro se*,[1] filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). On May 15, 1990, the Attorney General of the State of Ohio certified the true cause of detention on behalf of Norris W. McMackin, respondent, in accordance with 28 U.S.C. § 2243 (1988). On January 29, 1991, Magistrate Judge Carr ordered counsel appointed on behalf of Sanders due to the complexity of the issues presented. On March 22, 1991, Magistrate Judge Carr entered a report and recommendation that the writ be granted in part

and dismissed in part. This Court has considered the matter *de novo* and for the reasons that follow, the writ of habeas corpus is granted in part and dismissed in part.

I.

Sanders was convicted by a Trumbull County, Ohio, Court of Common Pleas jury of two counts of aggravated robbery in violation of Ohio Rev.Code Ann. § 2911.01 (Anderson 1987), the second count including a firearm specification in violation of Ohio Rev.Code Ann. § 2929.71 (Anderson 1987). He asserts the following three challenges to his conviction[2]: (1) Police identification procedures employed against Sanders denied him due process; (2) the evidence was insufficient to sustain a verdict; and, (3) the trial court abused its discretion in sentencing the defendant.

The second ground, insufficiency of the evidence, will be addressed by this Court. The other two grounds were recommended dismissed by the Magistrate. Having no objections to the report and recommendation on those grounds, and finding upon review that they are meritless, this Court dismisses grounds one and three.

II.

"The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny. Where it is available, it assures among other things that a prisoner may require his jailor to justify the detention under the law." *Peyton v. Rowe*, 391 U.S. 54, 58, 88 S.Ct. 1549, 1551, 20 L.Ed.2d 426 (1968). There are two pre-requisites to petitioning for the writ. First, the petitioner must be "in custody". 28 U.S.C. § 2254(a) (1988). Second, the petitioner must have exhausted all his claims before the state courts. *Wainwright v. Sykes*, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977). Petitioner satisfies the first; he is presently being held in the Marion Correctional

---

1. A *pro se*, writ of habeas corpus is entitled to a more liberal review than those submitted by attorneys. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

2. The original *pro se* petition outlined six grounds for the writ. However, those six grounds can properly be reformulated to state three distinct contentions.

Institution, Marion, Ohio. The second prerequisite, exhaustion, is also met; the grounds raised in the petition have been raised before the Ohio Courts.

### III.

This Court is being asked to decide two issues in this case: First, whether *State v. Gaines*, 46 Ohio St.3d 65, 545 N.E.2d 68 (1989) should be applied retroactively; and, second, if it is to be applied retroactively, whether the evidence of operability of the firearm was sufficient to sustain a conviction in this case.

The Magistrate, understandably, was hesitant to decide these primarily state issues and certified similar questions to the Ohio Supreme Court in the case of *Tilley v. McMackin*, No. CV88–7714 (1992). Unfortunately, the Ohio Supreme Court dismissed the certification without opinion.

### *State v. Gaines And The Ohio Firearm Specification Statute.*

The Ohio law provides for an additional penalty when a felon uses a firearm to commit a crime:

> The court shall impose a term of actual incarceration of three years in addition to imposing ... an indefinite term of imprisonment ... if all the following apply:
> (1) The offender is convicted of, or pleads guilty to, any felony other than [carrying a concealed weapon; and]
> (2) the offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony.

Ohio Rev.Code Ann. § 2929.71(A) (Anderson 1988).

The definition of "firearm" is laid out in § 2923.11:

> (A) "Deadly weapon" means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon.
> (B) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes an unloaded firearm which is rendered inoperable but which can readily be rendered operable.

Ohio Rev.Code Ann. § 2923.11 (Anderson 1988).

The Ohio Supreme Court in the case of *State v. Gaines*, 46 Ohio St.3d 65, 545 N.E.2d 68 (1989), addressed the question of what must be proven by the state to obtain a conviction under the firearm specification statute. The Ohio Supreme Court observed that the admission of the gun into evidence was unnecessary to prove operability. "Rather, the fact may be established by circumstantial evidence (testimony as to gunshots, smell of gunpowder, bullets or bullet holes, etc.). Nevertheless, there must be some evidence relative to the guns operability." *Id.* at 69, 545 N.E.2d at 71–72. In *Gaines*, the conviction under the firearm specification was overturned, even though there was "testimony concerning the appearance of the gun and the witnesses' subjective belief that it was operable. However, these lay witnesses could have drawn the same conclusion from the appearance of a toy gun." The opinion goes on to say that "[a]bsent any evidence tending to establish that the gun was operable, the firearm specification was not proved beyond a reasonable doubt." *Id.*

The Ohio Supreme Court modified the *Gaines* decision in *State v. Murphy*, 49 Ohio St.3d 206, 551 N.E.2d 932 (1990) (superseded by statute [3]). The Court affirmed the firearm specification in the *Murphy* case stating:

> The state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a defendant can receive an enhanced penalty pursuant to R.C. 2929.71(A).

---

**3.** When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm.
Ohio Rev.Code Ann. § 2923.11(B)(2) (*as amended* June 6, 1990).

However, such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. *Id.* at 206, 551 N.E.2d at 933.

In *Murphy*, the defendant took a small derringer wrapped in his undershirt and waved it back and forth stating that if the clerk in the store did not give him money he would kill the clerk. The Court found that "[f]rom the totality of the circumstances (i.e., the gun being wrapped in a shirt, a description of the instrument from eyewitnesses, and the statement by appellant that he would kill the clerk if he did not give him the money), the evidence is sufficient to establish proof beyond a reasonable doubt." *Id.* at 208, 551 N.E.2d at 937.

In another case, *State v. Lamp*, No. 89–L–14–041, 1991 WL 45670, 1991 Ohio App. LEXIS 1476, (11th Dist., Lake Co., 3/29/91), the Ohio Court of Appeals found sufficient evidence of operability. The Court found, "[a]s in *Murphy*, the fact that the offender had what appeared to be a gun and verbally threatened to shoot the victim is sufficient to circumstantially state that the gun was capable of propelling a projectile." *Id.* 1991 WL 45670 at 5, 1991 Ohio App. LEXIS 1476 at 7.

As the Magistrate points out in his report and recommendation, to find operability, the Ohio law requires something more than a mere description of the general appearance of the weapon. Likely, that something more will be in the form of a statement that the defendant will use the weapon.

### The Retroactivity Of State v. Gaines.

■ Sanders appealed his conviction before *Gaines* was decided. Therefore, *Gaines* must be retroactive if it is to apply to his case. This Court agrees with the Magistrate that *Gaines* is retroactive.

■ The Ohio Supreme Court's interpretation of a statute is considered to be retroactive "because it is a declaration of what is and always was the correct meaning or effect of the enactment." *Anello v. Hufziger*, 48 Ohio App.3d 28, 30, 547 N.E.2d 1220, 1223 (1988). Retroactivity is presumed unless the decision specifically states otherwise. *See State ex rel. Bosch v. Industrial Com. of Ohio*, 1 Ohio St.3d 94, 438 N.E.2d 415 (1982).

In *State v. Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977), the Ohio Supreme Court held that a criminal statute enacted in 1974 required that every criminal trial after the enactment date had to be conducted in accordance with the provisions of the statute.

Accordingly, this Court finds both *Gaines* and *Murphy* applicable to Sander's case.

### Did The State Prove Beyond A Reasonable Doubt The Operability Of The Firearm?

■ Sanders argues in his petition that the evidence of operability of the firearm is constitutionally insufficient to sustain a conviction. In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court articulated the test for determining whether a conviction is supported by sufficient evidence. If after viewing all the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, the trial court's findings will be affirmed. *Id.* at 316, 99 S.Ct. at 2787.

Even using the *Murphy* Court's modification of totality of the circumstances, this Court finds the evidence to be lacking with regard to the firearm specification.

This Court has reviewed the evidence in this case *de novo* and agrees with the Magistrate that the evidence is insufficient to sustain a conviction on the firearm specification.

In this case the victim testified that the petitioner had approached him with a gun, which he placed against the side of his neck. The weapon was a revolver, with a steel blue color. Another witness testified that she had purchased a .32 caliber revolver at a pawn shop, and that she had given

the weapon to the petitioner's father shortly before the robbery.

There was no testimony concerning the operability of the firearm, nor did Sanders verbally threaten the victim with its use, as in *Murphy* and *Lamp*. If the purchaser had placed bullets in the gun before giving it to Sander's father, or had the witness testified that he saw bullets in the gun, a rational jury could possibly make the inferential leap to find operability. However, without some suggestion of operability from the testimony, this Court finds that the state failed to meet its burden.

## IV.

Pursuant to the opinion issued in the above-captioned case this date, the objections of the respondent are overruled and the Magistrate's report and recommendation that the petition be granted with respect to the firearm specification is adopted.

Therefore, for the reasons stated herein, good cause appearing, it is

Ordered that The Writ Of Habeas Corpus Shall Issue With Respect To The Conviction On The Firearm Specification.

Further Ordered that The Judgment And Sentence Imposed Upon Sanders By The Trumbull County Court Of Common Pleas On July 6, 1984, Should Be And Is Hereby Vacated Only With Respect To The Period Of Three Years Actual Incarceration For The Firearm Specification On Count Two (2).

Further Ordered that The Writ Of Habeas Corpus Is Denied As To The Other Grounds And Therefore The Rest Of The Sentence Imposed Upon Sanders Is Valid And Remains In Effect.

IT IS SO ORDERED.