**DAY, Appellant,**

v.

**HISSA, Appellee.**

[Cite as *Day v. Hissa* (1994), 97 Ohio App.3d 286.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66158.

Decided Nov. 14, 1994.

*Bruce Tyler Wick,* for appellant.

*Patrick Joseph Murphy* and *Anna Moore Carulas,* for appellee.

DYKE, Judge.

Appellant filed this action alleging medical malpractice against appellee on December 3, 1992. Attached to her complaint, appellant filed an affidavit as required by R.C. 2307.42(C)(1)(b). The affidavit explained that her regular physician was currently out of the country, and that therefore appellant was unable to consult with him concerning the validity of her malpractice claim against appellee, as required by R.C. 2307.42. This statutory provision mandates

that a supplemental affidavit be filed within ninety days to document the consultation where it occurs subsequent to the filing of the complaint. R.C. 2307.42(C)(2)(a). Appellant failed to file this supplemental affidavit. Consequently, appellee filed a motion to dismiss the action based upon appellant's failure to meet the statutory requirements. Under R.C. 2307.42(C)(3), the trial court loses jurisdiction over actions where the plaintiff fails to meet the provision's requirements.

On August 17, 1993 the trial court issued its order and opinion dismissing the action. Appellant filed a timely notice of appeal raising one assignment of error:

"The trial court erred in dismissing plaintiff's complaint, for failure to comply with the affidavit requirement of Revised Code 2307.42, since the statute requiring such affidavit conflicts with the Ohio Rules of Civil Procedure and Art. IV, Sec. 5(B) of the Ohio Constitution, and is therefore unconstitutional."

Appellant raised this constitutional issue below in her brief in opposition to appellee's motion to dismiss. The Ohio Supreme Court has recently released an opinion in support of appellant's argument. We find that the recent ruling applies retrospectively to this action, pending at the time of the decision.

In *Hiatt v. S. Health Facilities, Inc.* (1994), 68 Ohio St.3d 236, 626 N.E.2d 71, the Ohio Supreme Court held that R.C. 2307.42 is in conflict with Civ.R. 11 and is invalid and of no force and effect. The first issue to determine is whether to apply this ruling to the present action which was pending on appeal at the time of the decision.

The general rule in Ohio governing this issue "is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 411, 129 N.E.2d 467, 468; *Shaffer v. Frontrunner, Inc.* (1990), 57 Ohio App.3d 18, 20, 566 N.E.2d 193, 195; *Anello v. Hufziger* (1988), 48 Ohio App.3d 28, 547 N.E.2d 1220. This general rule has been applied in cases where the Supreme Court is not overruling one of its former decisions but interpreting a statute. *Anello v. Hufziger, supra.*

The court in *Anello* gave retroactive effect to an Ohio Supreme Court decision interpreting a statute of limitations provision in a statute governing malpractice claims. The claim was pending at the time of the Supreme Court decision. The appellate court also adopted a test enunciated by the United States Supreme Court in *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296:

"A high court decision will not be applied retroactively if the decision meets three 'separate factors.' [*Chevron Oil Co. v. Huson* ] at 106–107 [92 S.Ct. at 355–

356, 30 L.Ed.2d at 305–306]. As applicable to the instant case, these three factors may be expressed in question form:

"(1) Is the decision one of first impression that was not clearly foreshadowed?

"(2) Will retrospective application retard the operation of the statute, considering its prior history, purpose and effect?

"(3) Will the retrospective application produce substantial inequitable results ('injustice or hardship')?" *Anello v. Hufziger*, 48 Ohio App.3d at 30, 547 N.E.2d at 1222.

In applying this test to the retrospective application of the *Hiatt v. S. Health Facilities, Inc.* decision, the answer to all three questions is in the negative. The recent decision is controlling. Therefore this court will not affirm the dismissal of appellant's action on the basis of R.C. 2307.42.

In considering the first question of the *Chevron Oil* test, the legislation was enacted in 1975 and has not been the subject of much case law. In the sense that "foreshadowed" was used by the *Anello* court, the decision was foreshadowed by the filing practices in effect prior to the enactment of R.C. 2307.42.

Retrospective application of the *Hiatt* decision will not retard the operation of the procedural rules as set forth by the Ohio Supreme Court in the Rules of Civil Procedure. In fact, the decision simply eradicates a conflict in the existing filing requirements.

Finally, the retrospective application of this ruling will not produce inequitable results. Appellee remains no less capable of defending himself against appellant's claim of malpractice under the general filing requirements than he was under the requirement of an affidavit documenting a consultation per R.C. 2307.42.

Having met the test as set forth by *Chevron Oil Co. v. Huson*, we find that R.C. 2307.42 is of no force and effect in the present action. The trial court's dismissal of the action is reversed. We therefore remand this action to the trial court to vacate its prior dismissal.

*Judgment accordingly.*

NAHRA, C.J., and HARPER, J., concur.