DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, Sarcom, Inc., an Ohio corporation, filed a small claims complaint against appellant, 1650 Indian Wood Circle, Ltd., an Ohio limited liability company, for utility bills paid by appellee after vacating the premises it leased from appellant. A non-attorney, Lori Emery, signed and filed appellee's complaint on Sarcom's behalf in the Maumee Municipal Court, Small Claims Division. Appellant then moved to dismiss appellee's complaint, but the Maumee court denied this motion. The court held trial on March 8, 2005, and rendered judgment for appellee in the amount of $2,403.33, which represented the amount of overpaid utility bills, plus costs and interest from date of judgment.
 {¶ 2} Appellant asserts two assignments of error:
 {¶ 3} "THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANTS [SIC] MOTION TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION."
 {¶ 4} "THE TRIAL COURT ERRED BY NOT FINDING THAT THE PLAINTIFF WAS A VOLUNTEER AND NOT ENTITLED TO RECOVER FROM THE DEFENDANT."
 {¶ 5} In its first assignment of error, appellant argues that the filing of a complaint by a non-attorney is a nullity and, therefore, the Maumee Municipal Court, Small Claims Division, had no jurisdiction to hear this case. Appellee agrees with appellant on this point, but we disagree. Appellant's arguments are not entirely misplaced; however, the recent Ohio Supreme Court decision of Cleveland Bar Association v.Pearlman (2005), 106 Ohio St.3d 136, 2005-Ohio-4107, validates Lori Emery's preparation and filing of appellee's small claims action in this case.
 {¶ 6} The general rule is that a layperson may not represent a person or corporation in a legal action. Alliance Group, Inc. v. Rosenfield
(1996), 115 Ohio App.3d 380, 387. If a layperson "represents" a corporation, the court lacks jurisdiction to hear the case. This rule developed from the statute prohibiting the unauthorized practice of law. "R.C. 4705.01 prohibits anyone from practicing law or commencing or defending an action in which [s]he is not a party concerned * * * unless [s]he has been admitted to the bar by order of the Supreme Court." UnionSav. Assn. v. Home Owners Aid, Inc. (1970), 23 Ohio St.2d 60, 64. The "practice of law" consists of, inter alia, preparing documents and papers prior to commencement of actions, managing the resulting actions, and representing persons in court. Land Title Abstract Trust Co. v.Dworken (1934), 129 Ohio St. 23, 28-29. An act of advocacy on the part of a non-attorney may constitute the unauthorized practice of law in small claims court. In Re Unauthorized Practice of Law in Cuyahoga County
(1963), 175 Ohio St. 149. However, on August 31, 2005, in Cleveland BarAssociation, the Ohio Supreme Court upheld the narrow exception to this general prohibition of non-attorney representation of corporations found in R.C. 1925.17. The statute provides in pertinent part:
 {¶ 7} "A corporation which is a real party in interest in any action in a small claims division * * * may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy." R.C. 1925.17.
 {¶ 8} Confusion over the constitutionality of R.C. 1925.17 has been voiced at the appellate level. The Alliance Group, Inc. decision, supra, held the statute unconstitutional. 115 Ohio App.3d at 387. George ShimaBuick, Inc. v. Ferencak (Dec. 17, 1999), Lake App. No. 98-L-202, 1999 WL 1313675, vacated on jurisdictional grounds (2001), 91 Ohio St.3d 1211, held it constitutional. Indeed, this court recently found R.C. 1925.17
unconstitutional because it violated the separation of powers doctrine.Norwalk MK, Inc. v. McCormick, 6th Dist. No. H-04-041, 2005-Ohio-2493, at ¶ 12. Norwalk further held that "a municipal court lacks subject matter jurisdiction when a claim is initiated by an officer of a corporation." Id. Nevertheless, pursuant to Cleveland Bar Association and R.C. 1925.17, corporations may utilize small claims courts "as individuals may," through a non-attorney representative who refrains from acts constituting advocacy such as arguing or cross-examining witnesses. Cleveland BarAssociation, 106 Ohio St.3d at 141. In addition to explicitly codifying this non-advocacy requirement, R.C. 1925.17 requires the corporation's representative to be a "bona fide officer or salaried employee." If the representative does not fit that description, the statute's narrow exception to non-attorney representation is inapplicable.
 {¶ 9} The timeline of the trial, the judgment, and the filing of an appeal in the instant case raises the initial question of whetherCleveland Bar Association is retroactive in its effect. The Maumee Municipal Court, Small Claims Division, held trial and entered judgment in this case on March 8, 2005. Appellate review was pending on August 31, 2005, when the Ohio Supreme Court decided Cleveland Bar Association.
 {¶ 10} In Ohio, "a decision of the Supreme Court interpreting a statute is retrospective in its operation, because it is a declaration of what is and always was the correct meaning or effect of the enactment."Anello v. Hufziger (1988), 48 Ohio App.3d 28, 30, citing PeerlessElectric Co. v. Bowers (1955), 164 Ohio St. 209. However, there will be no retroactive application of the Cleveland Bar Association decision if it satisfies three "separate factors." Day v. Hissa (1994),97 Ohio App.3d 286, 287, citing Chevron Oil Co. v. Huson (1971),404 U.S. 97.
 {¶ 11} "1. Is the decision one of first impression that was not clearly foreshadowed?
 {¶ 12} "2. Will retrospective application retard the operation of the statute, considering its prior history, purpose and effect?
 {¶ 13} "3. Will the retrospective application produce substantial inequitable results (injustice or hardship)?" Id. (Internal citations omitted.)
 {¶ 14} First, the disagreement in Ohio's lower courts over the constitutionality of R.C. 1925.17 foreshadowed the Cleveland BarAssociation decision. See e.g., id. Second, retroactive application of the Cleveland Bar Association decision will aid the operation of the statute by eradicating an appellate conflict regarding R.C. 1925.17. Retroactivity will also eliminate the conflict over the validity of appellee's initial claim filing. See Day, 97 Ohio App.3d at 288. Thus, retroactive application will not retard the statute's operation. Third, inequity would result in this matter if Cleveland Bar Association did not retroactively apply. Mere prospective application would force this court to nullify the judgment already rendered in favor of appellee, and risks inconsistent judgments. Therefore, pursuant to Chevron's three-part inquiry, we conclude that the Cleveland Bar Association decision is retroactively effective.
 {¶ 15} To determine whether appellee's representative satisfied R.C.1925.17, thus preserving the court's jurisdiction, we must determine whether (1) Emory is a "bona fide officer or salaried employee" of appellee and, if she is, (2) her actions constituted advocacy removing her from the R.C. 1925.17 exception.
 {¶ 16} Lori Emery testified that she serves as appellee's Corporate Facilities and Asset Manager. Thus, Emery is a "bona fide officer or salaried employee" of appellee corporation and is capable of representing appellee in small claims court. R.C. 1925.17; Cleveland Bar Association,supra. Next, we ask whether Emery's actions constitute advocacy, putting her outside the statute's exception.
 {¶ 17} Emery prepared and filed appellee's complaint on its behalf. She also testified in court as appellee's agent. However, neither action constitutes advocacy. Emery did not argue, object, or cross-examine any witnesses. Appellee retained a licensed attorney prior to trial and the attorney, not Emery, advocated on appellee's behalf in Maumee Municipal Court.
 {¶ 18} Because Emery is a "bona fide officer or salaried employee" of appellee and because she refrained from advocating on appellee's behalf, she satisfied R.C. 1925.17's requirements. Accordingly, the original complaint in this case was properly filed, the Maumee Municipal Court, Small Claims Division, had jurisdiction to hear the case, and appellant's first assignment of error is not well-taken.
 {¶ 19} In its second assignment of error, appellant contends that appellee voluntarily paid the utility bills at issue and, as a result, is not entitled to any reimbursement for those bills. As a general rule, "the party making payment is a volunteer if, in so doing, he has no right or interest of his own to protect, and acts without obligation, moral or legal, and without being requested by anyone liable on the obligation."Aetna Casualty Surety Co. v. Buckeye Union Casualty Co. (1952),157 Ohio St. 385, 392-393. Based on this rule, appellant argues that the trial court erred in awarding damages to appellee. However, the trial court's award in this matter is supported by the manifest weight of the evidence. Stevers v. McClure, 6th Dist. No. WD0-4-078, 2005-Ohio-5032, at ¶ 19. Competent, credible evidence exists to demonstrate that appellee involuntarily paid the utility bills and, thus, was entitled to reimbursement.
 {¶ 20} Appellee continued paying the utility bills connected with its old premises at 1650 Indian Wood Circle to protect its interest in its new premise at 1722 Indian Wood Circle. The utility company would not allow appellee to unilaterally cancel the 1650 Indian Wood Circle account; eventually, the company placed the utilities for appellee's old premises on the same bill as appellee's new premises. The combined bill placed appellee in the precarious position of having to pay the utilities for 1650 Indian Wood Circle to avoid shutting down the utilities at its new location.
 {¶ 21} Appellee also felt a moral obligation to continue paying the bills due on 1650 Indian Wood Circle. Appellee believed a new tenant occupied 1650 Indian Wood Circle after it vacated the premises on July 31, 2003. According to appellant's testimony, this belief was incorrect, but appellant did nothing to resolve the misunderstanding. Even though it had no legal liability to pay after July 31, 2003, appellee could not in good conscience stop paying the utilities and risk shutting down another tenant's business.
 {¶ 22} Furthermore, appellant left appellee with only one choice: to pay the utility bills. Appellee claims it continually tried contacting appellant to resolve this issue and that appellant (1) delayed taking over the utility payments and (2) promised to reimburse appellee for the bill amounts appellee paid. Although appellant denies offering reimbursement, it admits it was responsible for the utility payments once appellee left 1650 Indian Wood Circle on July 31, 2003. So even if appellant never promised reimbursement, it ignored an obligation.
 {¶ 23} Therefore, as the trial court properly pointed out, this is not a situation where a tenant owes appellant money for failure to fulfill a responsibility. Appellant's second assignment of error is not well-taken.
 {¶ 24} The judgment of the Maumee Municipal Court, Small Claims Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.