**NORWALK MK, INC., d.b.a. Kasper Chevrolet Buick, Appellee,**

v.

**McCORMICK, Appellant.**

[Cite as *Norwalk MK, Inc. v. McCormick,* 170 Ohio App.3d 147, 2006-Ohio-4640.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–05–026.

Decided Sept. 1, 2006.

148

William W. Owens, for appellee.

Thomas J. Stoll, for appellant.

HANDWORK, Judge.

{¶ 1} This case is before the court on appeal from the judgment of the Norwalk Municipal Court, which granted appellee, Norwalk MK, Inc., summary judgment against appellant, Darlyss McCormick. Appellant asserts the following assignments of error on appeal:

{¶ 2} "The trial court erred by failing to dismiss the action on remand.

{¶ 3} "The trial court erred in granting summary judgment when summary judgment is inapplicable in small claims actions.

{¶ 4} "The trial court erred in granting summary judgment where appellee was not entitled to judgment as a matter of law."

{¶ 5} The facts pertinent to the disposition of this case are as follows. On August 24, 2004, appellee, through its general manager and part-owner, Steve M. Myers, filed a claim in small-claims court to recover $2,500, plus interest, from appellant. Appellant had signed an agreement to pay $2,500 down toward the purchase of a vehicle from appellee. On October 8, 2004, the trial court granted judgment in favor of appellee. Appellant then moved to vacate that judgment on the ground that because appellee is a corporation, it could not file its claim or enter an appearance through an officer of the corporation rather than an attorney for the corporation. Appellant essentially argued that the trial court lacked jurisdiction to hear the claim. On November 4, 2004, the trial court denied appellant's motion to vacate its prior order.

{¶ 6} Appellant then sought an appeal to this court. Finding that the municipal court lacked subject-matter jurisdiction to hear the claim because it was filed by an officer of the appellee corporation, we reversed and remanded the decision of the lower court. *Norwalk MK, Inc. v. McCormick*, 6th Dist. No. H–04–041, 2005-Ohio-2493, 2005 WL 1201012. Upon remand, appellee employed counsel, and both parties agreed that appellee would file a motion for summary judgment to avoid relitigating the matter. On November 23, 2005, in light of *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 28, the trial court granted summary judgment in favor of appellee. This appeal now follows.

{¶ 7} In her first assignment of error, appellant argues that the trial court should have dismissed the action on remand, pursuant to our May 20, 2005 judgment entry. Specifically, appellant contends that the filing of a complaint by a nonattorney is a nullity and, therefore, the trial court had no jurisdiction to hear this case.

{¶ 8} The general rule is that a layperson may not represent a person or corporation in a legal action. *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App.3d 380, 387, 685 N.E.2d 570. If a layperson "represents" a corporation, the court lacks jurisdiction to hear the case. Id. at 388, 685 N.E.2d 570. This rule developed from the statute prohibiting the unauthorized practice of law. "R.C. 4705.01 prohibits anyone from practicing law or commencing or defending an action 'in which he is not a party concerned * * * unless he has been admitted to the bar by order of the Supreme Court.'" *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558. The "practice of law" consists of, inter alia, preparing documents and papers prior to commencement of actions, managing the resulting actions, and representing persons in court. *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28–29, 1 O.O. 313, 193 N.E. 650. An act of advocacy on the part of a nonattorney may constitute the unauthorized practice of law in small-claims court. *In re Unauthorized Practice of Law in Cuyahoga Cty.* (1963), 175 Ohio St. 149, 23 O.O.2d 445, 192 N.E.2d 54.

{¶ 9} However, on August 31, 2005, in *Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, the Ohio Supreme Court upheld the narrow exception to this general prohibition of nonattorney representation of corporations found in R.C. 1925.17. The statute provides:

{¶ 10} "A corporation which is a real party in interest in any action in a small claims division * * * may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy." R.C. 1925.17.

{¶ 11} In light of the Ohio Supreme Court ruling, we have recently held that corporations may utilize small-claims courts "as individuals may," through a nonattorney representative who refrains from acts constituting advocacy, such as arguing or cross-examining witnesses. *Sarcom, Inc. v. 1650 Indian Wood Circle, Ltd.*, 6th Dist. No. L–05–1115, 2005-Ohio-6139, 2005 WL 3078206, at ¶ 8.

{¶ 12} In addition to explicitly codifying this nonadvocacy requirement, R.C. 1925.17 requires the corporation's representative to be a "bona fide officer

or salaried employee." If the representative does not fit that description, the statute's narrow exception to nonattorney representation is inapplicable. Id. In *Sarcom*, we also concluded, pursuant to *Chevron's* three-part inquiry, that *Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, is retroactive in effect, holding that (1) the disagreement in Ohio's lower courts over the constitutionality of R.C. 1925.17 foreshadowed *Pearlman*, (2) retroactivity will eliminate the conflict over the validity of appellee's initial claim filing and thus will not retard the statute's operation, and (3) inequity would result in this matter if *Pearlman* did not retroactively apply. Id. at ¶ 14, citing *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296. We further concluded that mere prospective application would force this court to nullify the judgment already rendered in favor of appellee and risks inconsistent judgments. *Sarcom*, 2005-Ohio-6139, at ¶ 14.

{¶ 13} To determine whether appellee's representative satisfied R.C. 1925.17, thus preserving the court's jurisdiction, we must determine whether Myers is a "bona fide officer or salaried employee" of appellee and, if he is, whether his actions constituted advocacy, removing him from the R.C. 1925.17 exception. *Sarcom*, at ¶ 15.

■■ {¶ 14} Myers testified that he serves as appellee's general manager and part-owner. Thus, Myers is a "bona fide officer or salaried employee" of appellee corporation and is capable of representing appellee in small-claims court. R.C. 1925.17; *Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193. Next, we ask whether Myers's actions constitute advocacy, putting him outside the statute's exception.

{¶ 15} Myers prepared and filed appellee's complaint on its behalf. He also testified in court as appellee's agent and called witnesses on appellee's behalf. However, none of the above-described actions constitutes advocacy. The record indicates that Myers did not argue, object, or cross-examine any witnesses at trial. Furthermore, appellee retained a licensed attorney prior to filing its motion for summary judgment upon remand, which, if filed by Myers, would have been considered an act of advocacy.

{¶ 16} Because Myers is a "bona fide officer or salaried employee" of appellee and because he refrained from advocating on appellee's behalf, he satisfied the R.C. 1925.17 requirements. Accordingly, the original complaint in this case was properly filed, and the trial court had jurisdiction to hear the case. We find appellant's first assignment of error not well taken.

■ {¶ 17} In her second assignment of error, appellant argues that summary judgment is inapplicable in small-claims proceedings. For the reasons that

follow, we find appellant's argument to be without merit and contrary to Ohio law.

{¶ 18} Civ.R. 1 provides:

{¶ 19} "(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

{¶ 20} " * * *

{¶ 21} "(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (4) in small claims matters under Chapter 1925, Revised Code * * *; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

{¶ 22} The applicability of the Civil Rules of Procedure in small-claims actions is addressed in R.C.1925.16, which provides:

{¶ 23} "Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, * * * and all proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure * * *."

{¶ 24} This court, as well as several other appellate districts, has repeatedly upheld the validity of a motion for summary judgment in small-claims actions. See *Reichenbach v. Financial Freedom Ctrs., Inc.*, 6th Dist. No. L–03–1357, 2004-Ohio-6164, 2004 WL 2634624; *Mills v. Boord*, 5th Dist. No. 01–CA–29, 2002-Ohio-2678, 2002 WL 1227201; *Kocinski v. Reynolds* (Aug. 11, 2000), 6th Dist. No. L–99–1318, 2000 WL 1132778; *Gallienne v. Centerville Design Assoc.* (Nov. 5, 1999), 2d Dist. No. 17831, 1999 WL 999997; *Christe v. GMS Mgt. Co., Inc.* (1997), 124 Ohio App.3d 84, 705 N.E.2d 691; *Am. Ambulance Co. v. Slanco* (Sept. 6, 1991), 11th Dist. No. 90–T–4477, 1991 WL 172897. Accordingly, we find the second assignment of error not well taken.

{¶ 25} In her third and final assignment of error, appellant argues that appellee was not entitled to summary judgment as a matter of law.

{¶ 26} Upon remand, the original case was sent back to the municipal court for a retrial. However, during a pretrial conference, both parties agreed that appellee would file a motion for summary judgment in order to reach a decision without the expense and delay of relitigating the matter. Appellee subsequently filed its motion for summary judgment, and as previously noted, the trial court granted summary judgment in favor of appellee.

{¶ 27} Assuming, arguendo, that appellant did not waive her right to contest the agreed-upon summary-judgment motion, we must review the actions taken by the trial court. In the present case, instead of ruling on the summary-judgment motion based on the evidence allowed in Civ.R. 56(C), the trial court rendered judgment in favor of appellees based on the evidence and transcripts of the previous trial and, therefore, treated the motion as a posttrial brief. This was procedural error by the trial court but was harmless under the circumstances. See Civ.R. 61. Although the trial court's decision was in the form of granting summary judgment, on review we will treat it simply as a ruling of the court enforcing the contract between the two parties. We must, therefore, determine whether the trial court's finding was against the manifest weight of the evidence.

{¶ 28} In determining whether a judgment is supported by the manifest weight of the evidence, this court is bound by the following standard of review:

{¶ 29} " 'Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' " *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, quoting *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.

{¶ 30} Further, this court is to presume the correctness of the findings of the trier-of-fact as follows:

{¶ 31} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id.

{¶ 32} After a thorough review of the record, we conclude that the trial court's judgment in this matter is supported by the manifest weight of the evidence. Competent, credible evidence exists to demonstrate that appellant did not pay appellee the $2,500 deposit for the car. All six witnesses called on appellee's behalf testified that appellant never paid the deposit for the car. Appellant never testified on her own behalf. The only evidence she calls into question is the Retail Buyer Order form, which states, "Deposit Receipt: Dealer hereby acknowledges receipt of the sum of $2500.00 as Deposit/Partial Payment for the vehicle described above." Appellant maintains that this form is the official receipt of her $2,500 deposit. However, Myers and four other employees testified that in every transaction, a separate receipt for a deposit is produced by the cashier in duplicate. Appellant failed to produce such a receipt. She also failed to produce any other piece of evidence—for instance, a cancelled check stub or bank statement—indicating that she had paid the $2,500 deposit for the vehicle. Competent, credible evidence supports the conclusion that appellant did

not pay the $2,500 in question and, therefore, the trial court's decision was not against the manifest weight of the evidence. Accordingly, appellant's third assignment of error is not well taken.

{¶ 33} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.

Judgment affirmed.

SINGER, P.J., and PARISH, J., concur.