{¶ 38} I concur with the majority's resolution of this case, but write separately to offer further support for rejecting appellant's contentions.
 {¶ 39} In appellant's second assignment of error, he argues that the severance remedy outlined in Foster violates the ex post facto and due process clauses of the United States Constitution because it eliminates the presumption in favor of minimum sentences. As noted in the majority opinion, this court has previously considered the ex post facto and due process arguments appellant raises in the present appeal, and this court has each time rejected them. See Doyle; Andrews; Cockrell.
 {¶ 40} However, our earlier opinions fail to note the premise that constitutionally infirm legislation is void ab initio. City ofMiddletown v. Ferguson (1986), 25 Ohio St.3d 71, 80. Where, as in the case of R.C. 2929.14(B), legislation is unconstitutional at the time of its passage, it is "void from its inception." Id. "[A]n unconstitutional law must be treated as having no effect whatsoever from the date of its enactment." Id. The Ohio Supreme Court has expressed this fundamental proposition stating, "an unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." Id., quoting Norton *Page 11 v. Shelby County (1886), 118 U.S. 425, 442, 6 S.Ct. 1121. AccordPrimes v. Tyler (1975), 43 Ohio St.2d 195, 196-197.
 {¶ 41} Consequently, a decision overruling a former statute as being unconstitutional is retrospective in its operation, "and the effect is not that the former was bad law, but that it never was the law."Roberts v. Treasurer, 147 Ohio App.3d 403, 2001-Ohio-8867, ¶ 20, citingPeerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210; Shaffer v.Frontrunner, Inc. (1990), 57 Ohio App.3d 18, 20; Anello v. Hufziger
(1988), 48 Ohio App.3d 28. This general rule has been applied in cases where the Supreme Court is not overruling one of its former decisions but interpreting a statute. Id. Thus, once a statute has been found unconstitutional, it no longer applies to pending cases. Id. citingGrandillo v. Montesclaros (2000), 137 Ohio App.3d 691, 697. The Ohio Supreme Court has noted limited exceptions to this rule: in those instances in which a court expressly indicates that its decision is to apply only prospectively, see Lakeside Ave. L.P. v. Cuyahoga Cty. Bd. ofRevision, 85 Ohio St.3d 125, 127, 1999-Ohio-257; State ex rel. Bosch v.Indus. Comm. (1982), 1 Ohio St.3d 94, 98; or in those cases in which contractual rights have arisen or a party has acquired vested rights under prior law. See Peerless Elec. Co. at 210.
 {¶ 42} However, neither of these exceptions apply in the present case. See State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. The Ohio Supreme Court in Foster specifically stated that its holding would apply retroactively to pending cases. See Foster at ¶ 104. Nor does theFoster decision affect a vested right. See McGhee. A vested right "so completely and definitely belongs to a person that it cannot be impaired or taken away without that person's consent." Id. at ¶ 23, citingSmith v. Smith, 109 Ohio St.3d 285, 2006-Ohio-2419, ¶ 20 (Lundberg Stratton, J., dissenting); Harden v. Ohio Atty. Gen.,101 Ohio St.3d 137, 2004-Ohio-382, at ¶ 9; Black's Law Dictionary (7th Ed. 1999) 1324. A vested right is "more than a mere expectation or interest based upon an anticipated continuance of *Page 12 
existing law." Id., citing Smith at ¶ 20; In re Emery (1978),59 Ohio App.2d 7, 11. "A right, not absolute but dependent for its existence upon the action or inaction of another, is not basic or vested."Smith at ¶ 20, quoting Emery at 11.
 {¶ 43} Under former R.C. 2929.14(B), there existed a presumption that a defendant would be sentenced to the lowest prison term of those available for the degree of offense. By its very definition a presumptive sentence is not certain. A "presumptive sentence" is a sentence for a particular crime that can be modified "based on the presence of mitigating or aggravating circumstances." Black's Law Dictionary, (7th Ed. 1999) 1368. Even in cases where the State and defendant have negotiated a plea and the State agrees to a recommended sentence, the trial court is not bound by such a recommendation. SeeState v. Hunley, Clermont App. No. CA2002-09-076, 2003-Ohio-5539, ¶ 16;State v. Pettiford, Fayette App. No. CA2001-08-014, 2002-Ohio-1914;State v. Darmour (1987), 38 Ohio App.3d 160. These cases illustrate that a "presumptive sentence" does not confer a vested right, and can be exceeded without the defendant's consent. See McGhee. Consequently, theFoster decision excising R.C. 2929.14(B) did not affect a vested right.
 {¶ 44} As a result of Foster's conclusion that R.C. 2929.14(B) is unconstitutional, that statute "never was the law" because it was invalid from its enactment due to the constitutional infirmity. Since defendants are sentenced according to the law at the time the crime was committed, see State v. Barton, Warren App. No. CA2005-03-036,2007-Ohio-1099, ¶ 145-146, appellant is not entitled to the benefit of the statute's "presumptive minimum" sentence. Appellant cannot seek the benefit of a statute that "never existed." Ross at ¶ 12.
 {¶ 45} The U.S. Supreme Court has similarly espoused the general principle that an act of Congress, "having been found to be unconstitutional, was not a law; that it was inoperative, conferring no rights and imposing no duties, and hence affording no basis for the *Page 13 
challenged decree." Norton 118 U.S. at 442, 6 S.Ct. 1121; Chicago,Indianapolis Louisville Rwy. Co. v. Hackett (1913), 228 U.S. 559, 566,33 S.Ct. 581. However, the U.S. Supreme Court has also held that "such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications." Dobbert v.Florida (1977), 432 U.S. 282, 297-298, 97 S.Ct. 2290, quoting ChicotCounty Drainage Dist. v. Baxter State Bank (1940), 308 U.S. 371, 374,60 S.Ct. 317. In Chicot the Court explained as follows:
 {¶ 46} "The actual existence of a statute, prior to such a determ ination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. These questions are among the most difficult of those which have engaged the attention of courts, state and federal, and it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified."
 {¶ 47} Nevertheless, the U.S. Supreme Court, addressing a similar circumstance regarding a judicial change to a criminal sentencing statute, held that the existence of a prior sentencing statute served as an "operative fact" to warn the defendant of the penalty which the state would seek to impose on him if he were convicted. See Dobbert. The Court found that "[t]his was sufficient compliance with the ex post facto provision of the United States Constitution." Id. at 297-298. The Ohio Ninth District Court of Appeals in McGhee similarly concluded that the remedy in Foster did not violate the federal prohibition against ex post facto laws. *Page 14 
 {¶ 48} For these reasons, I would also overrule appellant's second assignment of error.
 {¶ 49} In his first assignment of error appellant argues that theFoster court should have excised only the judicial fact-finding portion of R.C. 2929.14(B), while leaving intact the presumption in favor of minimum sentences. In addition to the analysis provided by the majority, I would add that appellant's contention cannot be logically reconciled.
 {¶ 50} R.C. 2929.14(B) expressed a presumption in favor of imposing a minimum sentence, unless the trial court made certain findings, determined to be unconstitutional in Foster. The presumption in favor of the minimum sentence, and the findings required to exceed the minimum sentence are interdependent, and not capable of being separated. R.C.2929.14(B) required unconstitutional, judicial fact finding in order to impose a greater than minimum sentence, but also required the absence of the unconstitutional findings before a defendant could reap the benefit of the presumptive minimum sentence. In this manner R.C. 2929.14(B) relied on the unconstitutional statutory factors for the imposition of both minimum, and greater than minimum sentences. Consequently, it was necessary to excise both the presumption in favor of a minimum sentence, and the findings required to impose a greater than minimum sentence, in order to cure the constitutional defect.
 {¶ 51} Finally, leaving the presumptive minimum intact while excising the findings necessary to exceed the presumptive minimum would eviscerate the range of sentences provided by statute, in effect mandating a minimum sentence. This result would not be consistent with the purposes and principles of the sentencing statutes, which remain intact post Foster.
 {¶ 52} For this reason, I would also overrule appellant's first assignment of error. *Page 1