[Cite as *Terrell v. Morgan Furniture*, 2022-Ohio-3981.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

KAREN TERRELL,

        Plaintiff-Appellant,

- vs -

MORGAN FURNITURE,

        Defendant-Appellee.

CASE NO. 2022-T-0033

Civil Appeal from the
Niles Municipal Court,
Small Claims Division

Trial Court No. 2022 CVI 00154

**O P I N I O N**

Decided: November 7, 2022
Judgment: Affirmed

*Bruce M. Broyles*, 1379 Standing Stone Way, Lancaster, OH 43130 (For Plaintiff-Appellant).

*J.P. Morgan*, 173 West Market Street, Warren, OH 44481 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Karen Terrell ("Ms. Terrell"), appeals the judgment of the Niles Municipal Court, Small Claims Division, which found she failed to prove, by a preponderance of the evidence, her breach of contract claim that arose from the purchase of a defective chair from the seller, appellee Morgan Furniture.

{¶2} In her sole assignment of error, Ms. Terrell contends that the trial court erred in applying the facts to preclude recovery upon her breach of contract claim.

{¶3} After a careful review of the record and pertinent law, we overrule Ms. Terrell's assignment since we are unable to review her assignment of error based on the

limited record before us. Ms. Terrell failed to provide us with a transcript or App.R. 9 equivalent on appeal. Thus, we are unable to evaluate whether Ms. Terrell proved a breach of contract claim by the preponderance of the evidence, i.e., we have no information regarding the supply chain issues, the disagreements between the parties, Ms. Terrell's purchase of a second chair, etc. As a result, we are unable to evaluate whether the trial court's determination to dismiss Ms. Terrell's claim was appropriate, and/or contrary to the manifest weight of the evidence. Without a transcript, we must presume the regularity of the proceedings below and affirm.

{¶4} Thus, the judgment of the Niles Municipal Court, Small Claims Division, is affirmed.

### Substantive and Procedural Facts

{¶5} In February 2022, Ms. Terrell filed a complaint in the Niles Municipal Court, Small Claims Division, alleging that she purchased a recliner, which broke two months later. The chair was never repaired as Morgan Furniture promised. Ms. Terrell sought judgment in the amount of $596.27 for the cost of the chair as well as court costs.

{¶6} Morgan Furniture filed an answer in which it confirmed that Ms. Terrell purchased a chocolate-colored recliner rocker manufactured by Catnapper for the sum of $596.27 on September 15, 2021. Several months after the purchase, on November 1, Ms. Terrell notified Morgan Furniture that there was a repair/warranty issue. Morgan Furniture contacted Catnapper, which approved a part replacement for the recliner. Morgan Furniture received the part replacement and asserted that it "stands ready" to install the part into Ms. Terrell's recliner.

2

Case No. 2022-T-0033

{¶7} Thus, Morgan Furniture contended that (1) it performed all duties and obligations under the sales contract, (2) Ms. Terrell's claim should be dismissed for failure to state a claim upon which relief can be granted, and (3) Ms. Terrell failed to add all necessary parties, i.e., Catnapper, to the action.

{¶8} Morgan Furniture attached the sales contract, receipt, and Catnapper's warranty to its answer. In relevant part, the terms and conditions of the sales contract included that "all sales are final. No refunds or exchanges will be accepted or given." Further, the section under "warranties" stated that "[y]our furniture comes with a manufacture warranty (generally parts, labor against manufacturers defect or workmanship) some components of your furniture may have additional warranties coverage, consult individual company's coverage. Labor costs are NOT covered beyond one year. AS-IS merchandise has no warranty."

{¶9} After holding a hearing, the trial court issued a judgment entry stating:

{¶10} "Case called. Both parties appeared. Plaintiff claims the chair purchased by them [sic] from defendant had a defect, defendant agreed that there was a defect. Defendant ordered a repair part, communicated this fact to plaintiff but defendant alleges in the meantime, plaintiff bought another chair. Defendant submits they [sic] are honoring the manufacturer's warranty."

{¶11} The court found that "the plaintiff did not prove her case by a preponderance of the evidence. The manufacturer's warranty was going to be honored by defendant, but unfortunately, supply chain issues and disputes between the parties, precluded same. Any litigation should be addressed with the manufacturer."

{¶12} Ms. Terrell raises one assignment of error on appeal:

3

**{¶13}** "The trial court erred in applying the facts to preclude recovery upon a breach of contract claim."

### Standard of Review

**{¶14}** In her sole assignment of error, Ms. Terrell contends the trial court erred in applying the facts to preclude recovery of her breach of contract claim. More specifically, she contends that (1) Morgan Furniture beginning to address a warranty claim does not prevent the recovery of a breach of contract claim; (2) her purchase of a second chair does not absolve Morgan Furniture from paying damages for the defective chair; and (3) the existence of a claim against the manufacturer does not preclude a claim against the supplier.

**{¶15}** The standard of review for small claims proceedings is abuse of discretion. *Majecic v. Universal Dev. Mgt. Corp.*, 11th Dist. Trumbull No. 2010-T-0119, 2011-Ohio-3752, ¶ 21. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.* at ¶ 67. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.*

**{¶16}** Ms. Terrell is challenging the facts as applied; thus, she is challenging the manifest weight of the evidence. In the civil context, a judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if there is some

4

competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus; *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. *See, also Norwalk MK, Inc. v. McCormick*, 170 Ohio App.3d 147, 2006-Ohio-4640, ¶ 27 (6th Dist.).

{¶17} Although Ms. Terrell has presented her version of events in her brief, we do not have a transcript of the hearing or a statement of agreed facts pursuant to App.R. 9. Absent a transcript of the hearing or agreed upon statement, we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. *Plump v. Firestone Grismer Tire*, 2d Montgomery No. 23863, 2010-Ohio-6108, ¶ 13; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (Without a transcript or App.R. 9 equivalent, we must presume the regularity of the lower court's proceedings and affirm).

{¶18} From the limited record before us, we do not know what evidence was before the trial court except for the sales agreement, invoice, and manufacturer's warranty. We do know that both parties agreed the chair was defective and that Morgan Furniture procured the replacement part for the defective chair. But we have no evidence of and are unable to evaluate whether Ms. Terrell proved a breach of contract claim by a preponderance of the evidence, i.e., we have no information regarding the supply chain issues, the disagreements between the parties, Ms. Terrell's purchase of a second chair, etc. As a result, we are unable to evaluate whether the trial court's determination to dismiss Ms. Terrell's claim was appropriate and/or contrary to the manifest weight of the evidence. Hence, we must presume the regularity of the proceedings below and affirm.

5

**{¶19}** As the Sixth District aptly stated in affirming the judgment of a small claims court, which found the appellant did not prove his breach of contract case and entered judgment for the appellee:

**{¶20}** "At the outset it must be noted that the appellant has failed to provide this court with a transcript of the evidence. The assignment of error consisting of three statements requests this court to reverse the lower court based on the manifest weight of the evidence. The duty to file a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of proof of showing error by reference to the matters in the record. *State v. Skaggs* (1978), 53 Ohio St.2d 162; *Columbus v. Hodge* (1987), 37 Ohio App.3d 68. As stated in the syllabus of *Farmers Production Credit Assn. of Ashland v. Stoll* (1987), 37 Ohio App.3d 76:

**{¶21}** "'When no transcript of proceedings of the trial is included in the record on appeal, as provided for by App.R. 9(B), nor any substitute statement of the evidence as permitted by App.R. 9(C) and (D), and no App.R. 9(B) statement has been filed to indicate that a transcript is not needed in order to consider the appeal, the appellant cannot demonstrate the error of which he complains and the appellate court must affirm the judgment.'" *Gupta v. Graham*, 6th Dist. Lucas No. L-90-075, 1990 WL 121862, *2 (Aug. 24, 1990).

**{¶22}** The judgment of the Niles Municipal Court, Small Claims Division, is affirmed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6

Case No. 2022-T-0033