OPINION *Page 2 
{¶ 1} Plaintiff-appellant Don Blank, Inc. dba VRS Cash Advance appeals the decision of the East Liverpool Municipal Court which dismissed its small claims complaint. The issue on appeal is whether the trial court was permitted to dismiss the case because an attorney did not appear on behalf of the corporation at trial. For the following reasons, the dismissal order is reversed, and the case is remanded for trial.
 STATEMENT OF THE CASE {¶ 2} Appellant filed a complaint in small claims court against defendant-appellee Sandra Butler seeking $202.50 for breach of contract and for writing a bad check. Richard Anderson signed the affidavit within the form complaint provided by the small claims court. The defendant did not answer, although an answer is not required in small claims court.
 {¶ 3} On March 31, 2006, the case was called for trial. Richard Anderson, who is not an attorney, appeared on behalf of appellant, a corporation. The defendant did not appear. The trial court dismissed appellant's complaint, explaining in a March 31, 2006 judgment entry that the corporation appeared through an employee who was not an attorney.
 {¶ 4} Appellant filed timely notice of appeal. The defendant did not submit a brief as appellee. In a later entry, submitted in response to appellant's App.R. 9(C) proposed statement of the evidence, the trial court detailed its rationale. The court's findings will be discussed infra.
 STATUTE {¶ 5} The statute at issue here is R.C. 1925.17, which provides as follows:
 {¶ 6} "A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy." *Page 3 
 ASSIGNMENT OF ERROR {¶ 7} Appellant's sole assignment of error contends:
 {¶ 8} "THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S CLAIM SOLELY AS A RESULT OF THE PLAINTIFF CORPORATION APPEARING THROUGH A[N] AUTHORIZED SALARIED REPRESENTATIVE."
 {¶ 9} Appellant interprets R.C. 1925.17 as meaning that its salaried employee could properly file the complaint and appear for the corporation at the trial where he could present his testimony as the corporate agent. Appellant acknowledges that its employee could not present arguments, cross-examine defendant or defendant's witnesses or engage in other acts of advocacy.
 {¶ 10} The trial court held that any part of R.C. 1925.17 that allows a salaried employee to appear on behalf of the corporation at trial is unconstitutional because plaintiff would be presenting some evidence and thus engaging in the unauthorized practice of law. The trial court pointed to the Supreme Court's jurisdiction over the unauthorized practice of law, citing Gov. Bar R. VII, Section 2. In support of its decision, the court also cited Norwalk MK, Inc. v. McCormick, 6th Dist. No. H-04-041, 2005-Ohio-2493.
 {¶ 11} Then, the court disclosed that its standard procedure allows only the complaint to be filed by a salaried employee but requires an attorney to appear for trial. The court noted that it has no prior notice of defaults because answers are not required in small claims cases and opined that it would be unfair if dismissal of plaintiff's complaint for lack of counsel depends on whether or not defendant appeared. The court also cited perceived scheduling problems if the corporation appears without counsel hoping defendant would not show, but requiring the case to be reset for the corporation to hire an attorney if defendant in fact shows up.
 {¶ 12} Appellant responds that its argument does not rely on whether or not defendant appears because the statute allows for filing andpresentation of the claim. Appellant urges that R.C. 1925.17 is constitutional and cites to the Supreme Court precedent on the precise issue in Cleveland Bar Assn. v. Pearlman, 107 Ohio St.3d 136,2005-Ohio-4107. Appellant also points out that the Sixth District has since overruled its Norwalk precedent (cited by the trial court) due to the Supreme Court's *Page 4 
 Pearlman holding. Sarcom, Inc. v. 1650 Indian Wood Cir., Ltd., 6th Dist. No. L-05-1115, 2005-Ohio-6139, {¶ 8-9. Accordingly, appellant concludes that we should remand this case for trial at which a salaried representative can appear and present his testimony without the need for an attorney.
 LAW AND ANALYSIS {¶ 13} In the Pearlman case, an apartment manager/officer who was not an attorney filed thirteen small claims complaints on behalf of two limited liability companies. Id. at {¶ 1-2. The small claims court allowed him to appear for the companies at trial and to present his own testimony. Id. at {¶ 3. Because of this fact, the Cleveland Bar Association brought an unauthorized practice of law complaint against him, the results of which the Supreme Court reviewed.
 {¶ 14} The Court considered the constitutional and statutory provisions regarding its power over the practice of law. Id. at {¶ 6, citing Ohio Const., Art. IV, Sec. 2(B)(1)(g) and 5(B) and {¶ 21-22, citing R.C. 4705.01. Furthermore, the Court considered Gov. Bar R. VII(2)(A), defining the unauthorized practice of law. Id. at {¶ 7. The Court then reviewed the purposes and informalities surrounding small claims court. Id. at {¶ 15. The Court concluded:
 {¶ 15} "Rather than view R.C. 1925.17 as intruding on our authority to regulate the practice of law or our rule-making power, we see it as a mere clarification, stating that corporations may use small claims courts as individuals may, i.e., without attorneys, so long as their representatives do not otherwise act as advocates. (FN3) Pearlman's activities fall squarely within the limits of R.C. 1925.17. As the majority shareholder in his family-owned limited liability company, he was a `bona fide officer' [the company], filing the type of action that small claims courts allow. He merely filled out preprinted complaint forms that required the name, address, and phone number of the plaintiff and defendant, a statement of the claim, and the amount of the judgment requested. He did not cross-examine witnesses, argue, or otherwise act as an advocate." Id. at {¶ 24.
 {¶ 16} "* * * In refusing to enjoin Pearlman's activities in the small claims division of municipal court, we recognize an exception, albeit a narrow one, to the general rule that corporations may be represented only by licensed attorneys. R.C. *Page 5 
1925.17 limits what a corporate representative may do. Pearlman observed these limitations. The public is not harmed by Pearlman's actions. In small claims cases, where no special legal skill is needed, and where proceedings are factual, nonadversarial, and expected to move quickly, attorneys are not necessary. We decline to require corporations to hire attorneys to represent them in small claims courts.
 {¶ 17} "In summary, we hold that a layperson who presents a claim or defense and appears in small claims court on behalf of a limited liability company as a company officer does not engage in the unauthorized practice of law, provided that the layperson does not engage in cross-examination, argument, or other acts of advocacy." Id. at {¶ 26-27.
 {¶ 18} Consequently, the Supreme Court dismissed the unauthorized practice of law complaint against Pearlman and upheld his actions on behalf of the limited liability companies under R.C. 1925.17. Id. at {¶ 28. It is this case that controls our decision in the case at bar.
 {¶ 19} Here, the trial court dismissed the complaint merely because the corporation did not hire an attorney to appear at trial. R.C.1925.17 provides that a salaried employee or bona fide officer of the corporation may file and present its claim or defense in small claims court. Thus, under the statute, that salaried employee can both file the complaint and appear at trial to avoid dismissal for lack of prosecution. Additionally, that salaried employee can present his or her own testimony on the issues.
 {¶ 20} The Supreme Court has upheld such actions under the statute and found the statute constitutional and enforceable. Contrary to the trial court's belief, it is not defendant's appearance or default that is relevant. Either way, the proper corporate representative can appear and provide his or her own testimony and present exhibits to support that testimony. That representative cannot engage in argument, cross-examination or other acts of advocacy. However, underPearlman, the representative clearly can appear on behalf of the corporation in order to avoid dismissal for lack of prosecution and can testify as an agent. Hence, appellant's assignment of error has merit. *Page 6 
 {¶ 21} For the foregoing reasons, the judgment of the trial court is hereby reversed and this case is remanded for trial upon proper application of R.C. 1925.17.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1