Robinson, J.
 

 The single question presented here is whether the charter of the city of Toledo, or Sections 3515-37 and 3515-59, General Code (103 O. L., 775, 781), confer the power upon the investigating committee appointed by the mayor to commit the defendants in error in the several cases to imprisonment for contempt.
 

 The record does not disclose any action by the council of the city authorizing or requiring the mayor or the committee to make an investigation of the division of police. The investigation, there-ore, must be considered as an investigation by the (executive department, as distinguished from the legislative department. This distinction is significant, since there abides in legislative bodies and courts an inherent power to punish for contempt, which does not abide in an executive officer or a committee appointed by him to investigate in his behalf or stead.
 

 It will be noted that by the provisions of Sections 58 and 59 of the charter the power to punish for contempt is attempted to be conferred upon the council,
 
 *375
 
 and that by Section 71 of the charter- the same power is attempted to be conferred upon the mayor, and any committee appointed by him. However, the power conferred upon the mayor by the charter does not purport to confer upon him all the power to punish for contempt which the council may possess, but only that power that is conferred upon council by the charter — a power that is defined as a “power to cause the witness to be punished as for contempt, ’ ’ without in any manner defining the mode or extent of such punishment.
 

 We have not been able to find any reported case that discusses or decides the question of the effect of an attempt to confer such power without defining the mode or extent of punishment. There are many cases that discuss and decide that legislatures and courts have inherent power to punish for contempt, and, in the exercise of snch power, have the same inherent power to determine the mode and extent of such punishment, notably the case of
 
 McGrain
 
 v.
 
 Daugherty,
 
 273 H. S., 135, 47 S. Ct., 319, 71 L. Ed., 580, 50 A. L. R., 1, and the cases therein cited, and, in this state, the cases of
 
 Hale
 
 v.
 
 State,
 
 55 Ohio St., 210, 45 N. E., 199, 36 L. R. A., 254, 60 Am. St. Rep., 691, and
 
 State, ex rel. Turner, Atty. Gen.,
 
 v.
 
 Albin,
 
 118 Ohio St., 527, 161 N. E., 792. But, where the power is dependent upon legislative or constitutional enactment or provision, necessarily the measure of the power must be found in the language of the act or provision conferring the power; and, since the exercise of the power involves the personal liberty of the one against whom the power is sought to be exercised, it must be strictly construed, and the power limited to that expressed in the language of
 
 *376
 
 the act or provision conferring such power. And in that respect the reported decisions, to the effect that a legislative act is unenforceable which defines, denounces, and prohibits certain conduct, without providing the mode and extent of punishment for its violation, are applicable; the description or definition of the mode and extent of punishment being as much a legislative function as the definition and prohibition of the conduct.
 
 People
 
 v.
 
 McNulty,
 
 93 Cal., 427, 26 P., 597, 29 P., 61;
 
 McNulty
 
 v.
 
 California,
 
 149 U. S., 645, 13 S. Ct., 959, 37 L. Ed., 882;
 
 In re Ellsworth,
 
 165 Cal., 677, 133 P., 272;
 
 Rosenbaum
 
 v.
 
 State,
 
 4 Ind., 599;
 
 Cribb
 
 v.
 
 State,
 
 9 Fla., 409;
 
 People
 
 v.
 
 Lunn,
 
 81 Misc. Rep., 476, 143 N. Y. S., 401;
 
 Holmes
 
 v.
 
 United States
 
 (C. C. A.), 267 F., 529.
 

 While none of the cases above cited was a case of contempt, and all were cases where an attempt was made to punish for a crime or misdemeanor, since the effect of the commitment of a person to prison for contempt is to deprive him of his liberty, and, whatever its purpose, results .in a punishment of the person committed, it would seem, as related to an officer having no inherent power to punish for contempt, that those decisions are analogous to the question here involved.
 

 We therefore reach the conclusion that Section 71 of the charter is not self-executing, because it does not provide the mode or extent of punishment that may be imposed by the mayor or by any committee appointed by him.
 

 Section 3515-37, General Code, provides: “Any person or persons appointed by the mayor to examine the affairs of any department, officer, or employe,'shall have the same power to compel the at
 
 *377
 
 tendance of witnesses and to compel the production of books, papers and other evidence and to punish for contempt, as is conferred upon the council or committee thereof, by this act.”
 

 Section 3515-59, General Code, provides: “And if any witness shall refuse to testify * * * before the council or any such committee, the council shall have power to commit the witness to prison for contempt.”
 

 It is claimed by the plaintiff in error in the several cases that, since the imprisonment imposed upon the defendant in error in each case was not for the purpose of punishment, but was only for the purpose of coercion and enforcing obedience to the lawful command of the committee, the power conferred by those sections, “to commit the witness to prison for contempt,” sufficiently defined the penalty and empowered the committee to commit the several defendants in error to the city prison until they complied with the command of the committee to appear,, be sworn, and testify, or signified their willingness to comply with such command.
 

 There is a distinction betwéen a civil contempt and a criminal contempt, in that the commitment for a civil contempt is coercive in character only, whereas a commitment for a criminal contempt is punitive.
 

 If the courts were privileged to construe liberally the power attempted to be conferred by these sections, we might well hold that, since the purpose of the commitment of these defendants to prison was only to coerce them to obey the lawful command of the committee, the sections contemplated the extent of the imprisonment to be until such time as the wit
 
 *378
 
 nesses so obeyed, or signified their willingness to obey; but courts are not so privileged to construe statutes that may result in depriving persons of their liberty, regardless of the end sought to be accomplished by such statute, but, on the contrary, are required to construe statutes penal in effect strictly, so as to limit the penalty to that exactly expressed in the language defining the penalty; the effect upon the individual against whom the power is exercised being the same, whether he be imprisoned for the purpose of coercion or whether he be imprisoned for the purpose of punishment.
 

 Sections 3515-37 and 3515-59, General Code (103 O. L., 775, 781), are subject to the same infirmity as are Sections 71, 58, and 59 of the charter.
 

 Judgment affirmed.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur.