OHIO CONTRACTORS ASSOCIATION, APPELLANT, *v.* BICKING, DIRECTOR, OHIO PUBLIC WORKS COMMISSION, ET AL., APPELLEES.

[Cite as *Ohio Contractors Assn. v. Bicking* (1994), 71 Ohio St.3d 318.]

(No. 93–2034—Submitted November 29, 1994—Decided December 23, 1994.)

*Schottenstein, Zox & Dunn* and *Roger L. Sabo,* for appellant.

*Lee Fisher,* Attorney General, and *Doug S. Musick,* Assistant Attorney General, for appellees W. Lawrence Bicking, Director of the Ohio Public Works

Commission, and David Kern, Administrator, Ohio Small Government Capital Improvements Commission.

*Vorys, Sater, Seymour & Pease, G. Ross Bridgman* and *Michael N. Barnett,* for appellee Pat Leighty, village administrator.

*John E. Gotherman* and *Malcolm C. Douglas,* urging affirmance for *amici curiae,* Ohio Municipal League and Ohio Municipal Attorneys Association.

---

FRANCIS E. SWEENEY, SR., J.   Ohio Contractors Association asks this court to decide the legality of a village's decision to use its own, regularly employed workforce on a public project and to pay them less than the prevailing wage rather than competitively bid the work to outside contractors.  Since we find that OCA does not have standing, we decline to reach the merits of this case.  Instead, we dismiss the cause due to OCA's lack of standing.

The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented.  *Warth v. Seldin* (1975), 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354.

In this case, OCA seeks legal redress in its capacity as an association representing private contractors.  In *Hunt v. Washington State Apple Advertising Comm.* (1977), 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383, 394. The United States Supreme Court has held that an association has standing on behalf of its members when "(a) its members would otherwise have standing to sue in their own right;  (b) the interests it seeks to protect are germane to the organization's purpose;  and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  However, to have standing, the association must establish that its members have suffered actual injury.  *Simon v. E. Kentucky Welfare Rights Org.* (1976), 426 U.S. 26, 40, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450, 460–461; *Warth, supra,* at 511, 95 S.Ct. at 2211–2212, 45 L.Ed.2d at 362.  To be compensable, the injury must be concrete and not simply abstract or suspected.  See *State ex rel. Consumers League of Ohio v. Ratchford* (1982), 8 Ohio App.3d 420, 424, 8 OBR 544, 548, 457 N.E.2d 878, 883.

OCA has failed to satisfy this burden.  The evidence clearly shows that no outside bids were ever submitted on this project.  The only contractor to testify on behalf of OCA neither submitted a bid nor intended to submit a bid.  Thus, no aggrieved contractor exists.  OCA has failed to prove that any of its members have suffered actual injury.  Clearly, under the facts of this case, where no bid was submitted and there was consequently no concrete injury suffered by any private contractor, OCA does not have the standing to challenge the legality of the village's bidding procedure.  We hold that a contractor's association lacks

standing to pursue a cause of action in a representative capacity where its members fail to bid on the project in question.

Accordingly, for the reason that OCA lacks standing, we affirm the judgment of the court of appeals, and dismiss the instant cause.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.