This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
This case involves two appeals from the Summit County Probate Court. Appellant, George A. Horton, Jr. ("Mr. Horton") has appealed from an order of the Summit County Probate Court finding him unsuitable to serve as executor of his mother's estate and appointing a third party. Appellant, Alma Horton (Mrs. Horton) has appealed from the denial of her application to serve as executor as well. This Court reverses in regard to Mr. Horton and dismisses Mrs. Horton's appeal as moot.
 I.
Mr. Horton is the only child and sole heir of Mildred G. Horton, who died, testate, on April 4, 1998. Mildred Horton's will named Mr. Horton to serve as the executor of her estate. The will also provided that, if Mr. Horton predeceased her or was unable to serve, Alma Horton was to serve as the executor instead. On July 15, 1998, Mr. Horton filed an application to probate the will of his mother which was granted on the same day. The next day, Mr. Horton filed an application to release the estate from administration, pursuant to R.C. 2113.03. Included with the application was a statement of the assets and liabilities of the estate. In this statement was a notice regarding a potential claim by the Ohio Department of Human Services, nka the Ohio Department of Job and Family Services (ODJFS).
On August 6, 1998, the estate was released from administration. On October 1, 1998, the ODJFS filed a motion to vacate the entry releasing the estate from administration pursuant to Civ.R. 60(B) alleging that it had not been notified of Mr. Horton's application to release the estate from administration and that it had been omitted from the list of creditors filed by Mr. Horton. The trial court granted the ODJFS's Civ.R. 60(B) motion to vacate and appeal was taken to this Court. On August 2, 2000, this Court affirmed the trial court's decision.
On September 15, 2000, Mr. Horton filed an application for authority to administer estate pursuant to R.C. 2113.05 and 2113.07. ODJFS filed objections to Mr. Horton's appointment and requested the appointment of a third party instead. The matter was heard before a magistrate on April 2, 2001, who found that Mr. Horton was not a suitable person to serve as executor of the estate and denied his application. Mr. Horton filed objections to the magistrate's decision. After a hearing on the matter, the trial court adopted the magistrate's decision and found Mr. Horton unsuitable and ordered the appointment of a suitable, disinterested person as administrator with the will annexed. On July 18, 2001, the trial court then requested Robert H. McDowall to make application to administer the estate. On August 2, 2001, Mrs. Horton applied to administer the estate. The trial court denied Mrs. Horton's application. Mr. and Mrs. Horton timely appealed.
 MR. HORTON'S ASSIGNMENT OF ERROR ONE THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO STRIKE THE OBJECTIONS OF THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES AND FOUND THAT ODJFS HAD STANDING TO OBJECT TO APPELLANT'S APPLICATION TO BE APPOINTED EXECUTOR PURSUANT TO R.C. 2113.06.
In his first assignment of error, Mr. Horton argues the trial court erred in finding that ODJFS had standing to object to his appointment as executor. This Court agrees.
A testator has the right to name his or her fiduciary and the law is very protective of a testator's choice. In re Estate of Nagle (1974),40 Ohio App.2d 40.
R.C. 2113.05 establishes the procedure for appointment of an executor named in a will. This statute provides in pertinent part:
 When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will * * * if he is suitable, competent, accepts the appointment, and gives bond if that is required.
 Mr. Horton filed an application for authority to administer estate pursuant to R.C. 2113.05 and 2113.07 and ODJFS filed an objection to his appointment and a request for the court to appoint a disinterested, third party.
R.C. 2113.05 and R.C. 2133.07 do not expressly authorize anyone to file objections to an individual's application to be appointed executor. "Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a `personal stake in the outcome of the controversy.'" Middletown v. Ferguson (1986), 25 Ohio St.3d 71, 75, quoting Sierra Club v. Morton (1972), 405 U.S. 727, 731-732.
ODJFS had the burden of establishing that it had standing to object to the appointment of the executor. See Ohio Contractors Assn. v. Bicking
(1994), 71 Ohio St.3d 318, 320. To have standing, a person must demonstrate an immediate, pecuniary interest in the subject matter of the litigation. A future, contingent or speculative interest is not enough.Tiemann v. Univ. of Cincinnati (1999), 127 Ohio App.3d 312, 325, citingCity of Los Angeles v. Lyons (1983), 461 U.S. 95, 75 L.Ed.2d 675. "A bare allegation that * * * some injury will or may occur is insufficient to confer standing." Id.
At hearing ODJFS argued that it had standing as a creditor of the estate. It further argued that Mr. Horton's prior conduct in not specifically listing ODJFS as a creditor of the estate and his present indication that he would reject their claim gives it a present and compelling interest in Mr. Horton's appointment as executor. This Court disagrees.
At the time of filing its objection and request for appointment of a disinterested third party with Probate Court, ODJFS had not even filed a claim against the estate. Also, Mr. Horton's comments about rejecting any claim submitted by ODJFS were not made in his capacity as executor of the estate because he had not been appointed as executor at that point. What ODJFS basically attempted to do was to make a preemptive strike against Mr. Horton to prevent him from rejecting any claim it may submit if he was appointed executor. This Court can find no case law or statutory authority to empower an alleged creditor of an estate to take such action.
The very fact that there is no statutory authority to file this type of action is especially noteworthy since the state legislature has provided a complete statutory scheme for creditors of a decedent's estate to follow to protect their interests.
 [a]ll creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:
(1) To the executor or administrator in a writing[.]
 R.C. 2117.06(B) states that all claims must be presented within one year after the death of the decedent or be forever barred. According to R.C. 2117.11, "[a]n executor or administrator shall reject a creditor's claim * * * by giving the claimant written notice of the disallowance thereof. * * * A claim may be rejected in whole or in part." When a claim against an estate is rejected in whole or in part, and is not referred to referees, an action on the claim must be commenced within two months after rejection. R.C. 2117.12.
Palmentera v. Marino (Mar. 27, 1996), Summit App. No. 17430, unreported.
The legislature has specifically conferred standing on a creditor in other probate proceedings. See, for example, R.C. 2109.50 (creditor of a person interested in a trust estate may file a complaint for concealed assets); R.C. 2109.59 (creditor may file a petition to enforce payment or distribution); 2113.06 (creditor may administer estate of an intestate decedent); R.C. 2117.13 (creditor may file written requisition on executor or administrator to reject claim); R.C. 2117.14 (creditor filing requisition under 2117.13 must be made party defendant to action on claim rejected on requisition); R.C. 2117.38 (creditor may bring action against the distributees of estate on allowed contingent claim); R.C. 2127.03
(creditor may move to compel the fiduciary to sell real property if the value of the personal property is not sufficient to pay legacy, debts, allowance to surviving spouse and minor children, and costs of administering estate); R.C. 2129.04 (creditor may apply for ancillary administration of the property of a nonresident decedent); 2129.08(B) (creditor may be appointed ancillary administrator of a nonresident intestate's estate).
Moreover, although R.C. 2133.05 and 2113.07 do not expressly authorize anyone to file objections, R.C. 2113.07 does require the person filing an application for appointment as executor to include the names and addresses of the surviving spouse and next of kin, suggesting that they will be given notice and an opportunity to be heard. R.C. 2113.18 expressly authorizes the surviving spouse, children, or other next of kin to file a motion to remove the executor after appointment. No such authority is given to those purporting to be creditors of the estate. "Under the general rule of statutory construction expressio unius est exclusioalterius, the expression of one or more items of a class implies that those not identified are to be excluded." State v. Droste (1998),83 Ohio St.3d 36, 39, citing Thomas v. Freeman (1997), 79 Ohio St.3d 221,224-225.
Consequently, this Court finds ODJFS lacked standing to file objections to Mr. Horton's appointment as executor and to request appointment of a disinterested third party to administer the estate. Since the ODJFS lacked standing, it was error for the trial court to consider evidence submitted by it. Therefore, Mr. Horton's assignment of error number one is sustained.
 MR. HORTON'S ASSIGNMENTS OF ERROR TWO AND THREE THE TRIAL COURT'S FINDING THAT APPELLANT'S FAILURE TO LIST THE STATE AS A CREDITOR IN THE PRIOR RELEASE OF ADMINISTRATION PROCEEDING WAS AN ABUSE OF DISCRETION. THE TRIAL COURT'S CONSIDERATION OF THE FACT THAT APPELLANT WOULD REQUIRE THE STATE TO SUPPORT ITS CLAIM AND, IF APPOINTED EXECUTOR, APPELLANT WOULD REJECT THE CLAIM, WERE MATTERS OUTSIDE THE JURISDICTION OF THE TRIAL COURT AND ERROR AS A MATTER OF LAW.
 MRS. HORTON'S ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SUMMARILY DENIED APPELLANT'S APPLICATION TO BE APPOINTED EXECUTRIX OF THE ESTATE OF MILDRED HORTON.
This Court need not address Mr. Horton's last two assignments of error and Mrs. Horton's assignment of error as they have been rendered moot by this Court's disposition of Mr. Horton's assignment of error one. See App.R. 12(A)(1)(c).
Judgement reversed and cause remanded.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR