DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court summary judgment in favor of the State of Ohio, complainant below and appellee herein. Fred M. Priddy, defendant below and appellant herein, raises the following assignments of error for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRORED WHEN IT ENTERED SUMMARY JUDGMENT FOR THE PLAINTIFF WHEN THERE WAS GENUINE ISSUES OF MATERIAL FACTS IN THIS ACTION AND NO DISCOVERY TOOK PLACE." (SIC)
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRORED WHEN IT ENTERED SUMMARY JUDGMENT FOR THE PLAINTIFF WHERE ANOTHER PARTY WAS INVOLVED (I.R.S.) CONCERNING THE FORFEITURE ACTION WHERE THE PROPERTY THAT WAS SEIZED WAS THE PROPERTY OF THE I.R.S. FOR PAST TAXES OWED BY THE APPELLANT."
 {¶ 2} On March 12, 2004, appellee seized a tractor, a motorcycle, a Honda ATV and twelve automobiles. On October 18, 2004, appellee, pursuant to R.C. 2925.43, filed a complaint for forfeiture and asserted that appellant obtained the aforementioned personal property by proceeds derived from felony drug offenses.[1]
 {¶ 3} Appellee requested summary judgment and appellant filed a memorandum contra. After considering the "complaint, the answers filed, the various Motions, Replies and Responses, the testimony and the evidence submitted, including the affidavit filed by the State of Ohio in support of its Motion for Summary Judgment," the trial court concluded "that there are no genuine issues of material fact in this action and that the State of Ohio is entitled to judgment in its favor as a matter of law." The trial court thereupon ordered that the subject vehicles be forfeited to the Athens County Sheriff's Department. This appeal followed.
 I {¶ 4} In his first assignment of error, appellant asserts that (1) "several issues of material fact that still exists (sic) in this action;" (2) "no discover (sic) process was ordered pursuant to Civ.R. 26;" and (3) the trial court did not "consider the fact of Defendant's affidavit before entering summary judgment." Appellant elaborates in his brief as follows: "Plaintiff has failed, and the trial court errored (sic) when it did not comply with the Discovery Process to bring all these facts to light when the (sic) is still issues of genuine material fact as to why this case should proceed to trial." Thus, appellant contends, the trial court erred by granting summary judgment. We disagree with appellant.
 {¶ 5} First, we note that appellant did not set forth in his appellate brief any alleged disputed facts. Rather, appellant asserts in a conclusory manner that genuine issues of material facts exist and that the "discovery process was not ordered." Appellant appears to assert that the Internal Revenue Service has a claim or interest in this property and, for that reason, the property should not be forfeited (see, also, appellant's second assignment of error).
 {¶ 6} Second, we note that Civ.R. 26 does not have any direct bearing on the issues in this case. Parties may, or may not, choose to engage in various forms of discovery to gather information to help to establish relevant facts. Civ.R. 26 is not, however, integral to Civ.R. 56 determinations.
 {¶ 7} Third, we have no reason to conclude that the trial court failed to consider all properly submitted and relevant evidentiary materials before it granted summary judgment.
 {¶ 8} Accordingly, based upon the foregoing reasons we hereby overrule appellant's first assignment of error.
 II {¶ 9} In his second assignment of error, appellant asserts that the seized property "belonged to the Defendant and the I.R.S. for past taxes." Appellee notes that appellant is apparently asserting a claim to the seized property on behalf of the Internal Revenue Service. Appellee contends that appellant does not, however, possess standing to litigate this claim.
 {¶ 10} A litigant must have a sufficient stake in a justiciable controversy to obtain judicial resolution of that controversy. In other words, the standing requirement is satisfied when a litigant is entitled to have a court determine the merits of the issues presented to the court. OhioContractors Assoc. v. Bicking (1994), 71 Ohio St.3d 318,643 N.E.2d 1088, citing Worth v. Seldin (1975), 422 N.E.2d 490,95 S.Ct. 2197, 45 L.Ed.2d 343. The issue of standing is jurisdictional and may be raised sua sponte. Buckeye Fords v.Cuyahoga City Bd. of Revision (1997), 78 Ohio St.3d 459,678 N.E.2d 917. Further, an appellant must be an aggrieved party whose rights have been adversely affected by the order appealed.State v. Senz, Wayne App. No. 02CA0016, 2002-Ohio-6464, citingOhio Contract Carriers Assn., supra.
 {¶ 11} In the case sub judice, we agree with appellee and conclude that appellant lacks standing to raise the issue he sets forth in his second assignment of error. Appellant may not advance arguments concerning any claims that the Internal Revenue Service may have on the subject property. Thus, we decline, due to our lack of jurisdiction, to address the merits of appellant's second assignment of error.
 {¶ 12} Accordingly, based upon the foregoing reasons we hereby affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. McFarland, J.: Concur in Judgment Opinion.
[1] On June 17, 2005, appellee requested permission to return two items (John Deere tractor and Honda ATV) to the rightful owners as it was determined that those items were not needed for the prosecution of the criminal case. Three days later, the trial court granted appellee's request. Later, three other vehicles were returned to their rightful owners. The seized and forfeited automobiles include: a 1972 Chevrolet Chevelle; 1956 Chevrolet Belair; Silver Chevrolet Corvette; 1970 Chevrolet Nova SS; 1955 Chevrolet Pickup Truck; 1974 Plymouth Barracuda; two 1969 Chevrolet Camaros; 1967 Chevrolet Camaro.