DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jose J. Zuniga, appeals from a judgment of the Lucas County Common Pleas Court. For the following reasons we uphold the judgment of the lower court.
 {¶ 2} Appellant was convicted, in the year 2000, of engaging in a pattern of corrupt activity, conspiracy to engage in a corrupt activity, money laundering, possession of marijuana, and conspiracy to traffic in marijuana. Appellant directly appealed his *Page 2 
conviction with the assistance of court-appointed counsel. This court affirmed the judgment of the trial court. State v. Zuniga, 6th Dist. No. L-00-1265, 2002-Ohio-5902. The Ohio Supreme Court twice denied review.State v. Zuniga, 98 Ohio St.3d 1480, 2003-Ohio-974 and99 Ohio St.3d 1513, 2003-Ohio-3957. Appellant's motion for reconsideration of its decision was also denied by the Ohio Supreme Court. State v.Zuniga, 100 Ohio St.3d 1413, 2003-Ohio-4948.
 {¶ 3} Appellant then filed, pursuant to App.R. 26(B), an application to reopen his appeal to this court, alleging ineffective assistance of appellate counsel. We denied that application on April 3, 2003, and denied reconsideration of that judgment on May 5, 2003. On June 9, 2004, appellant filed a petition for postconviction relief in the trial court. The trial court dismissed the petition as being untimely. We subsequently dismissed appellant's appeal of the trial court's judgment because appellant failed to file a proper brief. State v. Zuniga (Jan. 10, 2007), 6th Dist. No. L-06-1032.
 {¶ 4} The judgment at issue in the instant appeal is the trial court's order barring appellant from filing any motions or correspondence in Lucas County trial court Nos. CR99-1535, CR98-2203 and CR99-1317. Appellant was not a party to, i.e., was not a defendant, in either No. CR99-1535 or No. CR98-2203. Appellant was indicted in No. CR99-1317, however, that charge was nolled at the request of the state of Ohio. *Page 3 
 {¶ 5} Appellant asserts two assignments of error:
 {¶ 6} "The trial court erred to the prejudice of Mr. Zuniga when it sua sponte barred him and/or and third party from requesting vital records, files and materials via motions and/or correspondence from the trial court in the catalyst case numbers CR98-2203, CR99-1317, CR99-1535, in violation of Mr. Zuniga's rights to equal protection under the law and his due process rights, both of which are guaranteed by theFifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 7} "The trial court's bad behavior in combining its efforts to further the law enforcement personnel's and the state's interests of concealing their crimes, that ultimately led to the creation ofState v. Ohio/City of Toledo v. David A. Garcia, Jr. and Jesus E.Ochoa [sic], Case Numbers CRA98-09964 and CRA98-09965, and subsequentlyState of Ohio v. Garcia, Jr. and Ochoa [sic], case number CR98-2203, and subsequently the fabrication of State of Ohio v. Garcia, Jr., Ochoa
[sic], Zuniga, and Pickard [sic], case number CR99-1317, and subsequently State of Ohio v. Pickard [sic], case number CR99-1535, and finally the fabrication of State of Ohio v. Garcia, Jr., Ochoa, Zuniga,and Pickard [sic], case number CR99-2433, is in violation of Article III, Section 1 if the United States Constitution, and in violation of Mr. Zuniga's rights to equal protection under the law and his due process rights, both of which are guaranteed by the Fifth, Sixth andFourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution." *Page 4 
 {¶ 8} In his first assignment of error, appellant asks this court to find that his constitutional rights were violated when the trial court denied him the right to file motions and correspondence in criminal cases in which he was not a defendant and in a case in which the charge against him was nolled.
 {¶ 9} An Ohio court cannot consider the merits of a legal claim unless the person seeking relief establishes standing to bring that claim.Ohio Contrs. Assn. v. Bicking (1994), 71 Ohio St.3d 318, 320. In order to have standing, a person must have a "personal stake in the outcome of the controversy." Middletown v. Ferguson (1986), 25 Ohio St.3d 71, 75;State v. Williams, 162 Ohio App.3d 55, 2005-Ohio-3366, ¶ 31. A person does not have standing simply because he claims to be concerned about an action's subject matter. State ex rel. Botkins v. Laws (1994),69 Ohio St.3d 383, 387. Instead, that person must be in a position to sustain either a direct benefit or injury from the resolution of a case.State ex rel. Spencer v. East Liverpool Planning Comm. (1997),80 Ohio St.3d 297, 299. Clearly, appellant has no direct benefit or injury from those cases in which he is not a defendant or one in which the charge against him was nolled. Therefore, he lacks standing to take any action in Nos. CR98-2203, CR99-1317, CR99-1535. It follows that appellant's constitutional rights were not violated by the trial court's judgment; accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 10} Appellant's second assignment of error claims that the judge who issued the order is not holding office "during good behavior," as required by Article III, Section 1, of the United States Constitution. Appellant's argument rests on a conclusion that the *Page 5 
trial court's order violated appellant's constitutional rights. Due to the fact that we have determined that the court's order did not violate said rights, we must find appellant's second assignment of error not well-taken.
 {¶ 11} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 1