[Cite as *Wood Cty. Health Dist. v. Bauer*, 2018-Ohio-5203.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Wood County Health District                    Court of Appeals No. WD-17-043

    Appellee                                    Trial Court No. 2015CV0160

v.

Louis T. Bauer, Jr., et al.                     **DECISION AND JUDGMENT**

    Appellant                                   Decided:  December 21, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Linda F. Holmes, Assistant Prosecuting Attorney, for appellee.

Louis T. Bauer, Jr., pro se.

* * * * *

**SINGER, J.**

**{¶ 1}** Pro se appellant, Louis T. Bauer, Jr., appeals the July 7, 2017 judgment of

the Wood County Court of Common Pleas, where he was held in contempt for failing to

pay the balance due on the purchase price of real property.  For the following reasons, we

affirm.

## Background

{¶ 2} In April 2012, appellant was fined by appellee, Wood County Health District, for regulation violations relating to real property located at 545 Glenwood Road, in Rossford, Ohio ("the property"). After roughly three years of no payment, appellee moved to foreclose in March 2015.

{¶ 3} On December 22, 2016, the property was sold at a sheriff's sale. Appellant submitted the highest bid and repurchased the property. Appellant purchased the property in his individual capacity, but requested the deed be issued to his company, Thigpen Properties II, LLC. The trial court confirmed the sale on February 24, 2017.

{¶ 4} Appellant failed to pay the balance due within 30 days of the confirmation. As a result, on May 15, 2017, appellee moved to set the sale aside, to hold appellant in contempt, and to not allow appellant or any close family member (or entity) to purchase the property at resale. Appellant opposed the motion on June 5, 2017.

{¶ 5} The trial court granted appellee's requests, finding that appellant failed to pay the $36,000 as required by R.C. 2329.30. The judgment entry was journalized on July 7, 2017, and appellant timely appealed.

## Assignments of Error

{¶ 6} Appellant sets forth his assigned errors as follows:

1. The Trial Court committed reversible error as to law by denying the applicant's request for a Hearing before the finding of contempt. This is contrary to procedural safeguards and entitlements provided to that

appellant by O.R.C. 2705.03. One safe guard requires a hearing before the finding of contempt under ORC 2705.02. (Indirect Contempt) As a result, the appellant was denied due process and procedural due process. The Order was prejudicial to the appellant and a denial of due process and/ or procedural due process.

2. The Trial Court committed reversible error by denying the Appellant's request for a Hearing before the finding to extend the sanctions to others without a determination by the Court that they were in anyway culpable for the default or in violation of ORC 2329.30, "Failure of purchaser to pay". The Order was prejudicial to the appellant and a denial of due process and/ or procedural due process. It appears to be intended to be a punitive punishment intended for the Appellant.

## Standard of Review

{¶ 7} The standard of review for contempt is an abuse of discretion. *E.W. v. T.P.*, 6th Dist. Lucas Nos. L-11-1301, L-11-1302, 2012-Ohio-5805, ¶ 18, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991). To reverse, the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Assignment of Error No. 1

{¶ 8} Appellant first argues the trial court committed reversible error by denying a hearing before finding him in contempt. Appellee contends appellant's request for a

hearing below was unsupported and untimely, and that R.C. 2329.30 does not require such a hearing.

{¶ 9} R.C. 2329.30 is the governing statute and, in relevant part, it states:

The court from which an execution or order of sale issues, * * * may punish any purchaser of lands and tenements who fails to pay within thirty days of the confirmation of the sale the balance due on the purchase price of the lands and tenements by forfeiting the sale of the lands and tenements and returning any deposit paid in connection with the sale of the lands and tenements, by forfeiting any deposit paid in connection with the sale of the lands and tenements, as for contempt, or in any other manner the court considers appropriate. * * *

{¶ 10} "A contempt order under R.C. 2329.30 must be premised upon the purchaser's failure to pay the purchase money after the sale is confirmed." *Soc. Natl. Bank v. Wolff*, 6th Dist. Sandusky No. S-90-13, 1991 Ohio App. LEXIS 1821, *3-4 (Apr. 26, 1991).

{¶ 11} Here, appellant successfully bid for and purchased the property in his individual capacity. Appellant put down a $5,000 deposit and was to pay the remaining balance of $36,000. Appellant failed to do so in a timely manner, and in May 2017, appellee moved the court to take action pursuant to R.C. 2329.30. More specifically, appellee moved to set the sale of the property aside, to find appellant in contempt, and to prohibit appellant from purchasing the property. The court granted these requests.

4.

{¶ 12} Appellant repeatedly cites and references R.C. 2705.02 in his appellate brief. However, we find the contempt order here was based on authority granted to the court under R.C. 2329.30, not R.C. 2705.02. *See Wolff* at *13-14 (stating authority exercised "pursuant to" and "under" R.C. 2329.30, without reference to R.C. 2705.02); *see also Advantage Bank v. Waldo Pub, LLC*, 3d Dist. Marion No. 9-08-67, 2009-Ohio-2816, ¶ 31 (explaining court may proceed under its "statutory and equitable authority" established by R.C. 2329.30, separate and in addition to R.C. 2705.02). Thus, we look to the applicable statute's plain language to determine whether the trial court erred.

{¶ 13} The statutory language and general section governing "sale of land," *see* R.C. 2329.20 to 2329.30, reveal nothing mandating that a hearing be held before a finding for contempt is entered. The language, nevertheless, does clarify that this contempt authority is to "punish" the purchaser of land who fails to pay, and that the "contempt" serves to void the confirmation of the sale. *See* R.C. 2329.30.

{¶ 14} We reiterate that appellant was individually listed as the purchaser, that he failed to pay as obligated to do, and that the trial court properly proceeded pursuant to R.C. 2329.30. We cannot say appellant was entitled to an additional hearing, nor that the court erred in denying one for him. Appellant's first assigned error is found not well-taken.

**Assignment of Error No. 2**

{¶ 15} Appellant secondly argues the trial court erred by not allowing a hearing to determine who was personally culpable for the default before ordering that other

5.

individuals and entities were prohibited from purchasing the property; they were thus deprived of due process of law. Appellant also claims he was prejudiced, as the intention of the court was to punish him by prohibiting the sale of the property to these other persons and entities. Appellee contends the trial court properly acted under authority granted in R.C. 2329.30, and that the matter should be treated as an auditor's sale pursuant to R.C. 5723.06.

{¶ 16} "Due process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections." *See Galt Alloys v. Keybank Natl. Assn.*, 85 Ohio St.3d 353, 708 N.E.2d 701, paragraph one of syllabus, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "A judgment rendered based on notice which fails to comport with due process principles is void ab initio and may be vacated for good cause." *In re Estate of Cullen*, 118 Ohio App.3d 256, 263, 692 N.E.2d 650 (12th Dist.1997).

{¶ 17} Specifically, the trial court judgment in this case ordered:

> Louis T. Bauer, Jr., his wife Patricia Bauer, Thigpen Properties, LLC, Thigpen Statutory Agent Edward L. Snyder, a member of Louis T. Bauer, Jr.'s immediate family, a person with a power of attorney appointed by Louis T. Bauer, Jr., a sole proprietorship owned by that Louis T. Bauer, Jr. or a member of his immediate family, or a partnership, trust, business

6.

trust, corporation, or association in which Louis T. Bauer, Jr. or a member of his immediate family owns or controls directly or indirectly more than fifty percent from purchasing the aforementioned property at resale be prohibited from bidding or acquiring in any way the property upon resale at public auction pursuant to the orders of the court.

{¶ 18} Even if these other persons and entities were deprived of due process, appellant has failed to demonstrate how he was prejudiced or punished.

{¶ 19} Further, we find appellant has no standing to appeal for those individuals/entities.

{¶ 20} "An Ohio court cannot consider the merits of a legal claim unless the person seeking relief establishes standing to bring that claim." *See State v. Zuniga*, 6th Dist. Lucas No. L-06-1067, 2007-Ohio-3573, ¶ 9, citing *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 643 N.E.2d 1088 (1994). "In order to have standing, a person must have a 'personal stake in the outcome of the controversy.'" *Id*., citing *Middletown v. Ferguson*, 25 Ohio St.3d 71, 495 N.E.2d 380 (1986); *State v. Williams*, 162 Ohio App.3d 55, 2005-Ohio-3366, 832 N.E.2d 783 (6th Dist.). "A person does not have standing simply because he claims to be concerned about an action's subject matter." *Id*., citing *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 632 N.E.2d 897(1994). "Instead, that person must be in a position to sustain either a direct benefit or injury from the resolution of a case." *Id*., citing *State ex rel. Spencer v. East Liverpool Planning Comm.*, 80 Ohio St.3d 297, 685 N.E.2d 1251 (1997).

7.

**{¶ 21}** We have found that appellant has failed to demonstrate that he was prejudiced or punished and we cannot say appellant's personal stake in the matter extends to those other individuals or entities who are not parties in this appeal.

**{¶ 22}** Lastly we note that appellant, as a layperson, has no legal authority to appeal for those individuals/entities.

**{¶ 23}** "The general rule is that a layperson may not represent a person or corporation in a legal action." *Norwalk MK, Inc. v. McCormick*, 170 Ohio App.3d 147, 2006-Ohio-4640, 866 N.E.2d 516, ¶ 8 (6th Dist.), citing *Alliance Group, Inc. v. Rosenfield*, 115 Ohio App.3d 380, 387, 685 N.E.2d 570 (1st Dist.1996). "This rule developed from the statute prohibiting the unauthorized practice of law." *Id.* "R.C. 4705.01 prohibits anyone from practicing law or commencing or defending an action 'in which she is not a party concerned * * * unless she has been admitted to the bar by order of the Supreme Court.'" *Id.*, citing *Union Sav. Ass'n v. Home Owners Aid, Inc.*, 23 Ohio St. 2d 60, 64, 262 N.E.2d 558 (1970). "The 'practice of law' consists of, *inter alia*, preparing documents and papers prior to commencement of actions, managing the resulting actions, and representing persons in court." *Id.*, citing *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28-29, 193 N.E. 650 (1934).

**{¶ 24}** For example, we applied this rule in *Mun. Realty Corp. v. Ergur*, 6th Dist. Lucas No. L-13-1241, 2014-Ohio-1557. In *Ergur*, Mr. Ergur filed "pro se pleadings," in which he attempted to represent himself and his corporation. *Id.* at ¶ 2-7. The trial court "struck" the pleadings as "purported representations of the corporation." *Id.* at ¶ 7. On

8.

appeal, we noted at the outset of addressing the appeal that the trial court's striking of the pleadings was proper because Ergur did not "present himself to be an attorney and may not represent a corporation even if he [were] a member of that corporation." *Id*.

{¶ 25} Thus, because appellant is not an attorney, we find he had no legal authority to argue on behalf of or represent the interest of anyone but himself.

{¶ 26} Accordingly, appellant's second assignment of error is found not well-taken.

**Conclusion**

{¶ 27} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Arlene Singer, J. JUDGE

Christine E. Mayle, P.J. _____
CONCUR.
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.